IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIN JUNIOR, individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

INFINITY AUTO INSURANCE COMPANY, a
foreign insurance company

      Defendant.

_____/

CASE NO.: 6:18-cv-1598-ORL- 40-
TBS

CLASS ACTION

## **CLASS ACTION SETTLEMENT AGREEMENT**

## TABLE OF CONTENTS

Page

EXHIBITS ........................................................................................................................ ii

RECITALS ...................................................................................................................... 1

I.      ADDITIONAL DEFINITIONS .......................................................................... 3

II.     PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS ........... 7

III.    THE SETTLEMENT ADMINISTRATOR ...................................................... 12

IV.     CLASS NOTICE .............................................................................................. 13

V.      COSTS OF CLASS NOTICE .......................................................................... 15

VI.     FINAL APPROVAL OF THE PROPOSED SETTLEMENT ......................... 15

VII.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS ............................ 17

VIII.   PAYMENTS TO CLASS MEMBERS ............................................................ 18

IX.     SUBMISSION OF CLAIMS BY CLASS MEMBERS ................................... 21

X.      CLAIMS ADMINISTRATION ....................................................................... 22

XI.     COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS ............. 26

XII.    COSTS OF SETTLEMENT ADMINISTRATION ......................................... 26

XIII.   ATTORNEYS' FEE AND INCENTIVE AWARDS ....................................... 26

XIV.    DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT ........... 27

XV.     REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT ............. 28

XVI.    DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT ............ 28

XVII.   REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT ........ 30

XVIII.  DENIAL OF LIABILITY ................................................................................. 33

XIX.    RETENTION OF RECORDS ........................................................................... 33

XX.     MISCELLANEOUS PROVISIONS ................................................................ 34

## EXHIBITS

1.      Proposed Preliminary Approval Order

2.      Notice

3.      Claim Form

4.      Proposed Final Approval Order

This Class Action Settlement Agreement ("Agreement") is made by and between (1) Erin Junior (the "Named Plaintiff"), on behalf of herself and as putative representative of the Settlement Class defined below, and (2) Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company (collectively "Infinity" or "Defendant").  Plaintiff and Defendant are referred to collectively as "the Parties."

This Agreement effects a full and final settlement and dismissal with prejudice of all of the Released Claims against all Released Persons relating to the above-captioned lawsuit (the "Action") on the terms and to the full extent set forth below, subject to the approval of the Court.

## RECITALS

WHEREAS, on or about September 25, 2018, Erin Junior originally filed a Class Action Complaint in the United States District Court for the Middle District of Florida, in Case No. 6:18-cv-1598-ORL-40 TBS (the "Action"); and

WHEREAS, on October 15, 2018, Plaintiff filed an Amended Complaint (Doc. 7) to allege Defendant's state of incorporation to address the jurisdictional question raised by this Court in its Show Cause Order (Doc. 4); and

WHEREAS, Plaintiff subsequently filed a Second Amended Complaint (Doc. 17), the operative Complaint, merely to correct the case style and correct the name of Defendant from Infinity Insurance Company to Infinity Auto Insurance Company; and

WHEREAS, the Action alleges that Defendants, in making Total Loss Payments (as defined below) on first-party insurance claims for automobile physical damage constituting a total-loss of the insured vehicle, under Florida automobile insurance policies issued by Infinity, improperly failed to include Sales Tax (as defined below) and improperly failed to include Title and Tag Transfer Fees and Additional Fees (as defined below); and

WHEREAS, Infinity denied and continues to deny all material allegations of the Action, as to which Infinity raised numerous additional defenses, and maintains that they acted consistently in accordance with the insurance policies and all applicable laws and regulations and abided by all its contractual and statutory obligations; and

WHEREAS, the Named Plaintiff and Class Counsel, while believing that the claims asserted in the Action have substantial merit, have considered the risks associated with the continued prosecution of this complex and time-consuming litigation, the relief secured in this Agreement, as well as the likelihood of success on the merits of the Action at trial and upon any appeal therefrom as well as currently-pending appeals on the same or similar issues, and believe that, in consideration of all the circumstances, the Proposed Settlement embodied in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, Infinity, while denying wrongdoing of any kind whatsoever, and without admitting liability, nevertheless agreed to enter into this Agreement to avoid further burden, expense, and risk of protracted litigation and to be completely free of any further controversy with respect to the Released Claims, and to effect a full and final settlement with prejudice of such claims on the terms set forth below;

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties, through their respective counsel, that the Action be settled and compromised by the Named Plaintiff, the Settlement Class, and Infinity on the following terms and conditions, subject to the approval of the Court after hearing:

I.      **ADDITIONAL DEFINITIONS**

In addition to terms defined elsewhere in this Agreement, the following terms shall be defined as follows:

1.      "Additional Fees" means all fees potentially incidental to replacement of a Total Loss, other than defined Title and Tag Transfer Fees and Sales Tax.  Additional Fees may include, but are not limited to:  dealer fees, dealer preparation fees, clean-up or make-ready or service fees, "doc" or document or documentation fees, conveyance charges, fuel charge fees, environmental fees (*e.g.,* emissions testing, air pollution control, lead-acid battery, new tire), floor plan fees, advertising or promotion fees, local or regional or market area co-op fees, agent fees, shipping or handling fees, destination or delivery or transport fees, "admin" or administration fees, additional dealer markups or market adjustment fees, acquisition fees, regulatory compliance fees, Motor Vehicle Warranty Enforcement Act fees, filing fees, and any other title, tag, tax, license, or registration fees not included in Title and Tag Transfer Fees and Sales Tax.

2.      "Automobile Insurance Policy" means a Florida policy of insurance issued by Infinity in effect during the Class Period and providing first-party private passenger or commercial automobile physical damage coverage.

3.      "Attorneys' Fee Award" means the Court-determined award of attorneys' fees, costs, and expenses to Class Counsel.

4.      "Claim Form" means the Court-approved paper claim form, without material alteration from Exhibit 3, that a Settlement Class Member may submit to be considered for payment under the Final Settlement.

5.      "Claim Resolution Process" means the procedures described in this Agreement for the presentation, evaluation, and resolution of claims.

6.      "Claim Payment" shall have the meaning given such term in Paragraphs 63-70.

7.      "Claims Submission Deadline" means the date by which qualifying Claim Forms must be postmarked or Electronic Claim Forms must be electronically submitted in order to be considered timely, as further provided in Paragraph 74.

8.      "Class Counsel" means the attorneys approved and appointed by the Court to represent the Settlement Class Members.

9.      "Class Period" means the period of September 25, 2013 through the date Preliminary Approval is provided.

10.     "Confidential Information" shall have the meaning given such term in Paragraph 89.

11.     "Court" means the United States District Court for the Middle District of Florida.

12.     "Effective Date" means the date when each of the following conditions have occurred:

      (a)      This Agreement has been fully executed by the Parties and/or their counsel;

      (b)      No Party has terminated the Agreement;

      (c)      Orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Agreement, and approving a form of notice and claim forms, all as provided in this Agreement;

      (d)      The Court has entered the Final Order and Judgment approving this Agreement and releasing all Released Persons from all Released Claims, and dismissing the Action with prejudice and without leave to amend, as provided in this Agreement;

      (e)      the Court has fully resolved any application made by Class Counsel for an Attorneys' Fees Award; and

      (f)      The judgment has become Final as defined in Paragraph 15.

13.     "Electronic Claim Form" means the Court-approved electronic claim form converted from the paper Claim Form, that a Settlement Class Member may submit electronically to be considered for payment under the Final Settlement.

14.     "Eligible Class Member" means a Settlement Class Member who timely submits a Claim Form or Electronic Claim Form in accordance with Paragraphs 71-75, and satisfies the eligibility criteria stated in Paragraphs 63-70.

15.     "Final," when referring to a judgment order, means that (a) the judgment is a final, appealable judgment; and (b) either (i) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is

subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Order and Judgment.

16. "Final Approval Hearing" means the fairness hearing conducted by the Court to consider final approval of this Agreement and Proposed Settlement, as provided in Paragraph 60.

17. "Final Order and Judgment" means a Proposed Final Order and Judgment Approving Class Action Settlement disposing of all claims asserted in the Action against Infinity and all claims settled under the Final Settlement.

18. "Final Settlement" means the settlement approved by the Court in the Final Order and Judgment as reasonable, adequate, and in the best interests of the Settlement Class Members.

19. "Incentive Award" means the potential award to the Named Plaintiff, if and as determined by the Court.

20. "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the business affairs of a Settlement Class Member.

21. "Notice" means the Court-approved notice, without material alteration from Exhibit 2, mailed to potential Settlement Class Members, as provided in Paragraphs 52-57.

22. "Mailed Notice Date" means the date that the initial mailing of the Mailed Notice to potential Settlement Class Members, as provided in Paragraph 52, is completed.

23. "Neutral Evaluator" means a neutral third party agreed to by the Parties as provided in Paragraph 43, whose duties are limited to those set forth in Paragraphs 76(g) and 76(h).

24. "Opt-Out List" shall have the meaning given such term in Paragraphs 45(n) and 98.

25. "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

26. "Proposed Preliminary Approval Order" means the proposed order without material alteration from Exhibit 1, and as further provided in Paragraph 45.

27. "Proposed Settlement" means the settlement described in this Agreement, before final approval by the Court in the Final Order and Judgment.

28. "Release" shall have the meaning given such term in Paragraphs 29-30, 39, and 61-62.

29. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Total Loss Payments for Title and Tag Transfer Fees, Sales Tax, or Additional Fees made to a Settlement Class Member during the Class Period; and any claims regarding Title and Tag Transfer Fees, Sales Tax, or Additional Fees which have been alleged or which could have been alleged by the Named Plaintiff in the Action, subject to the limitation as to Sales Tax set forth below, on behalf of herself and/or on behalf of the Class, to the full extent of *res judicata* protections. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Additionally, Released Claims do not include Sales Tax on any additional amounts that would otherwise be legally owed on a Total Loss as a result of any court making a full and final adjudication after the Effective Date that such additional amounts are owed for reasons not arising from or relating in any way to any claims which have been alleged or which could have been alleged in the Action.

30. "Released Persons" means (a) Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company; (b) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of Infinity; and (c) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

31. "Sales Tax" means the monetary amount of sales tax on the adjusted vehicle value of the Total Loss vehicle, calculated using the applicable state and local tax rate which includes, for Settlement Class Members domiciled in Florida, a 6% Florida state sales tax, and in some instances, a local discretionary sales tax that applies to the first $5,000 of the vehicle value.

32.    "Settlement Administrator" means Epiq.

33.    "Settlement Class" is defined as:

All policyholders who were paid a Total Loss Payment under an Automobile Insurance Policy during the Class Period.

34.    Excluded from the Class are:

(i)    claims that were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiff's claims;

(ii)   claims for which Infinity received a valid and executed release during the Class Period; and

(iii)  Infinity, all present or former officers and/or directors of Infinity, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Infinity's counsel of record.

35.    "Settlement Class Member" means any Person included within the definition of the Settlement Class and not excluded from the class as set forth above.

36.    "Title and Tag Transfer Fees" means the title transfer fee of $75.25 plus the registration tag transfer fee of $4.60, as established under Florida law.

37.    "Total Loss" means a vehicle covered under an Automobile Insurance Policy, where a first party physical damage claim was made to Infinity, and where Infinity determined the vehicle to be a covered total loss and issued payment during the Class Period.

38.    "Total Loss Payment" means the payment issued by Infinity within the Class Period on a Total Loss.

39.    "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Proposed Settlement.

## II.    PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS

40.    The Parties stipulate to certification, for settlement purposes only, of the Settlement Class defined in Paragraph 33.

41.     Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, Infinity stipulates that the Court may enter the Proposed Preliminary Approval Order, preliminarily certifying the Settlement Class, appointing the Named Plaintiff as representative of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

Jacob L. Phillips                                    Edmund A. Normand
FBN: 0120130                                        FBN: 865590
Normand PLLC                                       Normand PLLC
3165 McCrory Place, Ste. 175                        3165 McCrory Place, Ste. 175
Orlando, FL 32803                                   Orlando, FL 32803
(407) 603-6031                                      (407) 603-6031
Jacob.phillips@normandpllc.com                      service@ednormand.com
                                                    ed@ednormand.com

Christopher Lynch
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchlaw.com

42.     Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that Epiq shall be appointed by the Court as Settlement Administrator.

43.     Solely for the purpose of implementing this Agreement and effectuating the Proposed Settlement, the Parties stipulate that they shall agree on a Neutral Evaluator, if one is necessary.

44.     The Parties and their respective counsel agree that the settlement of this Action is not a concession by Infinity that a litigation class could properly be certified in this Action, and Plaintiff and Class Counsel agree not to argue, in this or any other proceeding, that the fact of this settlement, or Infinity's stipulation to the certification of the Settlement Class, constitutes a concession by Infinity that a litigation class could properly be certified.

45.     Promptly after execution of this Agreement, the Parties shall submit this
Agreement to the Court and request entry of the Proposed Preliminary Approval
Order, without material alteration from Exhibit 1, that, among other things:

(a)     preliminarily approves this Agreement;

(b)     finds that the Court has personal jurisdiction over all Settlement Class
Members and that the Court has subject matter jurisdiction to preliminarily
approve this Agreement and all Exhibits thereto;

(c)     preliminarily certifies the Settlement Class, approves the Named Plaintiff
as class representative of the Settlement Class, and appoints Class Counsel
as counsel for the Settlement Class;

(d)     provides that Infinity shall retain all rights to assert that the Action may
not be certified as a class action except for settlement purposes;

(e)     schedules the Final Approval Hearing to consider the fairness,
reasonableness, and adequacy of the Proposed Settlement and whether it
should be finally approved by the Court;

(f)     finds that the Proposed Settlement is sufficiently fair, reasonable, and
adequate to warrant providing notice to the Settlement Class;

(g)     finds that the Class Action Fairness Act Notice given by the Settlement
Administrator on behalf of Infinity is in full compliance with 28 U.S.C.
§ 1715(b);

(h)     approves the Notice, the content of which is without material alteration
from Exhibit 2, to be sent to the Persons described in Paragraph 33, and
directs its mailing by first-class mail to the last-known address for each
such Person as set forth in Paragraph 52, and, for Mailed Notices returned,
directs the Settlement Administrator to follow the procedures set forth in
Paragraph 53;

(i)     approves the Claim Form, the content of which is without material
alteration from Exhibit 3, and the Electronic Claim Form, converted to
electronic format with the functionality described in Paragraph 73, for
distribution to and/or use by potential Settlement Class Members, and sets
a Claims Submission Deadline after which the Claim Forms and
Electronic Claim Forms shall be deemed untimely (thirty (30) days after
the Final Approval Hearing);

(j) approves the settlement website as described in Paragraph 55, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline;

(k) appoints Epiq as the Settlement Administrator;

(l) directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to record a message to be returned by the Settlement Administrator;

(m) determines that the Notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice;

(n) requires the Settlement Administrator to file proof of mailing of the Notice at or before the Final Approval Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List;

(o) requires each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than forty-five (45) days after the Mailed Notice Date, to the Settlement Administrator at the address in the Mailed Notice, and that complies with the requirements in Paragraphs 95-96, and further requires that any exclusion be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative;

(p) rules that any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement;

(q)     provides that preliminary certification and all actions associated with preliminary certification are undertaken on the condition that the certification and designations shall be automatically vacated if this Agreement is terminated or is disapproved in whole or in part by the Court, the Court of Appeals or the Supreme Court, or if the agreement to settle is revoked pursuant to Paragraphs 92-94, in which event this Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or of the certifiability of any class;

(r)     requires each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term or aspect of the Proposed Settlement or to intervene in the Action, to follow the procedures set forth in Paragraphs 100-105 of this Agreement;

(s)     requires any attorney hired by a Settlement Class Member for the purpose of objecting to any term or aspect of this Agreement or to the Proposed Settlement or intervening in the Action to provide to the Settlement Administrator (who shall forward it to Class Counsel and Counsel for Defendants) and to file with the Clerk of the Court a notice of appearance no later than forty-five (45) days after the Mailed Notice Date;

(t)     provides that the right to object to the Proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative;

(u)     directs the Settlement Administrator to receive requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to these documents, except as otherwise expressly provided in this Agreement;

(v)     directs the Settlement Administrator promptly to furnish Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in this Agreement;

(w)     stays all proceedings in the Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement; and

(x)     contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Agreement and the Proposed Settlement.

46.     Preliminary certification of the Settlement Class and appointment of the class representative and Class Counsel for purposes of this Proposed Settlement by the Court shall be binding only with respect to the Proposed Settlement.  Upon the preliminary approval of this Agreement and the Proposed Settlement, all proceedings in the Action shall be stayed until further order of the Court; provided, however, that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement.

47.     In the event that the Proposed Settlement is not consummated for any reason, whether due to a termination of this Agreement in accordance with its terms, a failure or refusal of the Court to approve the Proposed Settlement, or a reversal or modification of the Court's approval of the Proposed Settlement on appeal, or for any other reason, then (a) the Parties shall stipulate to vacating the certification of the Settlement Class; and (b) in any further court proceedings, the Parties and their attorneys shall proceed as though the Agreement had never been entered and the Settlement Class had never been certified, neither Plaintiff nor Class Counsel shall cite or reference this Agreement, and Infinity shall have the right to contest the certification of any class; and (c) nothing in this Agreement may be used as an admission or offered into evidence in any proceeding involving Infinity whatsoever, as further provided in Paragraphs 94 and 107-109.

## III.   THE SETTLEMENT ADMINISTRATOR

48.     The Parties agree to the appointment of Epiq as Settlement Administrator to perform the services described herein.  Infinity shall be solely responsible for the payment of the Settlement Administrator's fees and costs, including all costs of notice and settlement administration.

49.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (i) mailing or arranging for the mailing of the Notice, and submitting to the Parties and the Court an affidavit detailing same and offering proof thereof; (ii) handling returned mail not delivered and making any

additional mailings required under the terms of the Agreement; (iii) responding, as necessary, to inquiries from Settlement Class Members; (iv) providing to Class Counsel and Counsel for Infinity within five (5) business days of receipt copies of all objections, motions to intervene, notices of intention to appear, and requests for exclusion from the Settlement Class; (v) preparing a list of all Persons who timely requested exclusion from the Settlement Class and submitting to the Court the Opt-Out List and supporting affidavit; (vi) preparing a list of all Persons who submitted objections to the settlement and submitting an affidavit testifying to the accuracy of that list; and (vii) promptly responding to requests for information and documents from Class Counsel, Infinity, and Infinity's Counsel.

50.     The Settlement Administrator shall receive requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications. Only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to these documents, except as otherwise expressly provided in this Agreement.

51.     The Settlement Administrator shall establish procedures and capabilities for receiving and processing Claim Forms and Electronic Claim Forms.

**IV.     CLASS NOTICE**

52.     As soon as practicable after the preliminary approval of the Proposed Settlement as provided in Paragraph 45, Infinity shall make a reasonable search of their computer/electronic databases to ascertain the name and current or last-known address of each potential Settlement Class Member.  Prior to mailing the Notice and Claim Form, the Settlement Administrator shall run the physical mailing addresses through the National Change of Address Database ("NCOA") to attempt to obtain a more current name and/or physical mailing address for each potential Settlement Class Member.  The Settlement Administrator shall send a copy of the Notice and a Claim Form by first-class mail to each potential Settlement Class Member identified as a result of the above search(es).

Infinity and the Settlement Administrator shall use their best efforts to complete the mailing of the Notice and Claim Form to potential Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order.

53.     If any Notice and/or Claim Form mailed to any potential Settlement Class Member in accordance with Paragraph 52 is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Infinity and Class Counsel as requested.  If the mailing is

returned to the Settlement Administrator with a forwarding address, the Settlement Administrator shall forward the mailing to that address.  Where a Notice or Claim Form has been returned as undeliverable without a forwarding address, the Settlement Administrator will use LexisNexis AllFind, or another similar address updating provider, to attempt to find a current mailing address and will re-mail the Class Notice and/or Claim Form to any new address obtained through such a search.  In the event that any Notice is returned as undeliverable a second time, no further mailing shall be required.  It is agreed by the Parties that the procedures set forth in the preceding Paragraph and this Paragraph constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.  Upon request, Infinity and the Settlement Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

54. The envelope on the Notice shall reference "Junior v.  Infinity Auto Insurance Co., et al." and "Infinity Florida Sales Tax and Title and Tag Transfer Fees Class Action Notice."

55. The Settlement Administrator shall establish the website JuniorFloridaTotalLossClassAction.com for the settlement and post the Agreement, Notice, Claim Form, Electronic Claim Form, Preliminary Approval Order, and frequently asked questions; the website may be amended from time to time as agreed to by the Parties.  The website shall also contain Spanish translations of the Notice and Claim Form.  The Settlement Administrator shall maintain the website for at least 180 days after expiration of the Claims Submission Deadline.  The home page of the website shall have a "Make A Claim" button permitting a Class Member to access a pre-filled Electronic Claim Form (similar to the mailed Claim Form) by providing Claimant ID and Member last name, with a method to submit the Electronic Claim Form with an electronic signature, and a method to request that another copy of the pre-filled paper Claim Form be mailed or emailed to the Settlement Class Member.  A class member will also be able to request another copy of the pre-filled paper Claim Form from the Settlement Administrator by telephone or e-mail.

56. The Notice and Claim Form, along with Spanish translations of those documents, will also be made available to all potential Settlement Class Members by request to the Settlement Administrator, who shall send via first- class U.S. mail any of these documents as requested from the Settlement Administrator by any potential Settlement Class Member.

57.     The Settlement Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to record a message to be returned by the Settlement Administrator.

## V.     COSTS OF CLASS NOTICE

58.     Infinity will pay all costs of the initial mailing of the Notice and Claim Form to all potential Settlement Class Members as described above, including the costs of printing and reproducing the Notice and Claim Form and the cost of mailing the Notice and Claim Form to such potential Settlement Class Members.  Infinity will also pay the costs of the address searches and remailings described in Paragraph 53.

59.     Infinity will pay all costs of mailing the Notice and Claim Form to any potential Settlement Class Members who contact the Settlement Administrator and request copies of those materials.

## VI.    FINAL APPROVAL OF THE PROPOSED SETTLEMENT

60.     After the completion of the mailing and of the website described above, the deadline for seeking exclusion from the Settlement Class as provided in Paragraphs 45(o) and 95, and the deadline for filing objections to the Proposed Settlement as provided in Paragraphs 45(r) and 101, Class Counsel will file a motion seeking the Court's final approval of the Proposed Settlement at the Final Approval Hearing to be held at a time, date, and location that will be stated in the Notice and in the Preliminary Approval Order or other order.  The Parties shall request the Court to enter a Final Order and Judgment that, among other things:

    (a)     certifies the Settlement Class for settlement purposes only;

    (b)     finds that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Agreement and all Exhibits thereto;

    (c)     gives final approval to the Proposed Settlement without material alteration, and directs the Parties and counsel to comply with and consummate the terms of this Agreement;

    (d)     finds that Class Counsel and the Named Plaintiff adequately represented the Settlement Class;

(e)     finds that the terms of this Agreement are fair, reasonable, and adequate to the Settlement Class Members; consistent and in compliance with all requirements of due process and federal law;

(f)     finds that the Notice, the settlement website, and the notice methodology implemented pursuant to this Agreement (i) constituted the best practicable notice under the circumstances; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice;

(g)     finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Infinity complied with 28 U.S.C. § 1715(b);

(h)     determines that the Agreement and the settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth in this Agreement;

(i)     approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment;

(j)     provides that the Named Plaintiff, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt- Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and are bound by the provisions of this Agreement, including the Release in Paragraphs 28-30, 39, 61-62;

(k)      dismisses all claims in the Action as to Infinity on the merits and with prejudice, and without fees or costs except as provided herein, and entering final judgment thereon;

(l)      determines the amount of the Attorneys' Fee Award to Class Counsel, and the Incentive Award to the Named Plaintiff, as set forth in Paragraphs 83-86;

(m)     appoints Epiq as the Settlement Administrator;

(n)      authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all Exhibits hereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not reduce or limit any rights of Settlement Class Members; and

(o)      provides that any Party to this Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of this Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with this Agreement and/or the claims administration process.

Infinity will not oppose final approval of the settlement as set forth above, and may submit their own material with respect to settlement approval and the Final Approval Hearing.

## VII.   DISMISSAL OF ACTION AND RELEASE OF CLAIMS

61.      Upon the Effective Date, the Named Plaintiff, all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, all Released Persons from all Released Claims, and agree not to institute, maintain, or assert any claims against the Released Persons on the Released Claims.  Nothing contained in this Agreement shall (a) preclude the enforcement of the terms of this Agreement or the Final Order and Judgment or

(b) preclude the Settlement Class Members from participating in the Claim Resolution Process.

62. Upon entry of the Final Order and Judgment, the Action will be dismissed with prejudice as to Infinity, the Named Plaintiff, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, and will release all Released Persons from all Released Claims. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court are hereby expressly, knowingly, and voluntarily waived by and on behalf of the Named Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class. The Named Plaintiff, and the Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly acknowledge and assume all risk, chance, or hazard that the damage allegedly suffered may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. Furthermore, the Named Plaintiff, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, specifically release any right they may now or hereafter have to reform, rescind, modify, or set aside this Release or this Agreement through mutual or unilateral mistake or otherwise; and they assume the risk of such uncertainty and mistake in consideration of the consideration herein mentioned and in consideration of this being a final settlement. Without limiting the foregoing in any way, the Named Plaintiff, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, expressly waive all rights under Section 1542 of the California Civil Code, realizing and understanding that Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VIII.   PAYMENTS TO CLASS MEMBERS

63. This settlement shall be a claims-made settlement. To be eligible for a Sales Tax and/or Title and Tag Transfer Fees payment under this settlement, a Settlement Class Member or his or her Legally Authorized Representative must timely

submit a Claim Form or Electronic Claim Form that satisfies the requirements of Paragraphs 71-75 and must not have submitted a request for exclusion.

64.     To be eligible for an Additional Fees payment under this settlement, a Settlement Class Member must timely submit a Claim Form or Electronic Claim Form that satisfies the requirements of Paragraphs 71-75, and must include therewith a replacement-vehicle purchase agreement reflecting any Additional Fees actually incurred, and must not have submitted a request for exclusion.  A Settlement Class Member who submits a purchase agreement with the Claim Form or Electronic Claim Form will be eligible for a Sales Tax and Title and Tag Transfer Fees payment in addition to an Additional Fees payment.  A Settlement Class Member who submits a Claim Form or Electronic Claim Form but does not submit a purchase agreement will be eligible for a Sales Tax and Title and Tag Transfer Fees payment but will not be eligible for an Additional Fees payment.

65.     The Claim Payment paid to Eligible Class Members will be calculated as follows:

(a)     Each Eligible Class Member who received a Total Loss Payment from Infinity during the Class Period will receive a payment calculated as: (1) Sales Tax, plus (2) Title and Tag Transfer Fees, plus (3) Additional Fees, minus (4) any amount of Sales Tax, Title and Tag Transfer Fees, and/or Additional Fees that were already paid by Infinity on the claim. Additional Fees will only be paid if the Eligible Class Member includes a replacement-vehicle purchase agreement with his or her Claim Form reflecting any Additional Fees actually incurred.  In that circumstance, the Eligible Class Member will be eligible for up to 75% of the Additional Fees shown on the purchase agreement, up to a maximum amount of $525.00.

For example, if the adjusted vehicle value was $10,000, the Sales Tax rate is 6%, the Eligible Class Member submitted a purchase agreement showing $300 in Additional Fees, and Infinity made no prior payments for Sales Tax, Title and Tag Transfer Fees, or Additional Fees:

Claim Payment amount: $904.85 ($600 + $75.25 + $4.60 + $225 - $0)

As an additional example, if the adjusted vehicle value was $10,000, the Sales Tax rate is 6%, the Eligible Class Member submitted a purchase agreement showing $800 in Additional Fees, and Infinity previously made a payment of $600 for Sales Tax:

Claim Payment amount: $604.85 ($600 + $75.25 + $4.60 + $525 - $600)

As a final example, if the adjusted vehicle value was $10,000, the Sales Tax rate is 6%, the Eligible Class Member does not submit a purchase agreement, and Infinity previously made a partial payment of $200 for Sales Tax:

Claim Payment amount: $479.85 ($600 + $75.25 + $4.60 + $0 - $200)

66.     To be eligible for Sales Tax and Title and Tag Transfer Fees payments, a Settlement Class Member must:

(a)     Have received a Total Loss Payment.

(b)     Submit a timely Claim Form or Electronic Claim Form as set forth herein, as applicable.

(c)     Certify entitlement to recovery under penalty of perjury, including: (i) with respect to Sales Tax, certifying that he or she believes he or she was not fully paid; and/or (ii) with respect to Title and Tag Transfer Fees, certifying that he or she is a member of the Settlement Class.

67.     To be eligible for an Additional Fees payment, a Settlement Class Member must:

(a)     Have received a Total Loss Payment.

(b)     Submit a timely Claim Form or Electronic Claim Form as set forth herein, as applicable.

(c)     Submit a purchase agreement for a replacement vehicle reflecting any Additional Fees actually incurred.[1]

(d)     Certify entitlement to recovery under penalty of perjury.

68.     Settlement Class Members whose claims were previously resolved through the appraisal process under their Automobile Insurance Policy or by arbitration are ineligible to receive the payments described above.  Persons who filed a lawsuit to recover Sales Tax, Title and Tag Transfer Fees, or Additional Fees or whose claims were the subject of a release are excluded from the definition of the Settlement Class as set forth in Paragraph 33 above.

---

[1]If any Settlement Class Member submits a purchase agreement and disagrees with the classification and determination of fees owed pursuant to the Additional Fees payment, such disagreement will be handled by the Neutral Evaluator agreed to by the parties.

69.     The Parties acknowledge and agree that this Agreement does not and shall not constitute an admission by Infinity that their payment or nonpayment of Sales Tax, Title and Tag Transfer Fees or Additional Fees on any individual claim or on the Settlement Class Members' claims was incorrect or improper.

70.     The payments described in Paragraphs 63-67 are the only payments to which any Settlement Class Members will be entitled under the Proposed Settlement.  The payments are deemed to be inclusive of any claims for any potentially applicable penalties and/or interest and/or fees.  The payments shall be in full and final disposition of the Action, and in consideration for the release of any and all Released Claims as against any and all Released Persons.  Any rights to settlement claim payments under this Agreement shall inure solely to the benefit of Class Members and are not transferable or assignable to others.

## IX.     SUBMISSION OF CLAIMS BY CLASS MEMBERS

71.     The Claim Form shall be without material alteration from Exhibit 3, and the Electronic Claim Form shall be converted to electronic format, and shall have the functionality described in Paragraph 73.

72.     Each Settlement Class Member will be provided an opportunity to submit, at his or her option, either a Claim Form or an Electronic Claim Form (explained further below) requesting a payment calculated in accordance with Paragraphs 63-70. Claim Forms shall be included with the Notices mailed to Settlement Class Members.  In addition, the Settlement Administrator will provide blank Claim Forms to Settlement Class Members upon request.  Claim Forms may be submitted on behalf of the Settlement Class Member by that Settlement Class Member's Legally Authorized Representative.  Any rights to Claim Payments under this Agreement shall inure solely to the benefit of Settlement Class Members or their Legally Authorized Representative and are not transferrable or assignable to others.

73.     The Settlement Administrator will also arrange for Electronic Claim Forms to be submitted through the settlement website.  In order to submit an Electronic Claim Form, the class member will need to visit the settlement website, click on a button to submit an Electronic Claim Form, and insert a unique Claimant ID code from the Notice and their member last name.  The Electronic Claim Form will then prepopulate electronically with the information contained in that Settlement Class Member's Mailed Notice, which they will have the ability to review and make changes to, if necessary.  The Settlement Class Member will be able to sign the form electronically.  A person who wishes to submit a claim form as a guardian or representative of an estate of a Settlement Class Member will have an opportunity

to upload through the website documentation establishing their authority to act on behalf of the Settlement Class Member as part of the Electronic Claim Form (or alternatively they may choose to mail in such documentation to the Settlement Administrator, if they prefer).  The Settlement Class Member will also have the opportunity to upload through the website the purchase agreement documentation to determine eligibility for the Additional Fees payment.

74.     To be considered for payment, a Claim Form must be completed in accordance with Paragraph 72, mailed to the address specified in the Claim Form, and postmarked no later than thirty (30) days after the Final Approval Hearing.  Claim Forms will not be considered for payment if they are postmarked more than thirty (30) days after the date of the Final Approval Hearing.  Electronic Claim Forms must be completed in accordance with Paragraph 73 and submitted electronically no later than 11:59 pm on the thirtieth (30th) day after the Final Approval Hearing.  The Electronic Claim Form will be deactivated by the Settlement Administrator after that deadline.

75.     To be considered for Sales Tax, Title and Tag Transfer Fees, and/or Additional Fees payments, a Claim Form or Electronic Claim Form must, to the best of the Settlement Class Member's ability and if not pre-filled onto the Claim Form, supply the name and current address of the Settlement Class Member, and the policy number.  The Claim Form or Electronic Claim Form must contain a signature, or in the case of an Electronic Claim Form, an electronic signature, certifying the claim under penalty of perjury as set forth above in paragraph 66. To be considered for Additional Fees payment, the Settlement Class Member must also include a replacement vehicle purchase agreement, and must include with the signature confirmation (under penalty of perjury) that the purchase agreement reflects the vehicle purchased or leased to replace the Total Loss vehicle that was subject to the Total Loss Payment during the Class Period, as set forth above in paragraph 67.

## X.     CLAIMS ADMINISTRATION

76.     Claim Forms that are timely mailed to the correct address shall be processed as follows (and subject to the additional condition that Infinity shall not be obligated to make any Claim Payments until after the Effective Date):

(a)     If a Claim Form is not signed, is illegible, or does not identify the policy number involved in the claim, the Settlement Administrator shall send the claimant a letter, with a copy contemporaneously to Infinity and Class Counsel, informing him or her of the defect and providing the claimant with thirty (30) days in which to cure that defect.  If the claimant does not

subsequently provide the Settlement Administrator with a Claim Form that is signed and identifies the policy number, and is postmarked within thirty (30) days of the date of the Settlement Administrator's letter, that Claim Form shall be conclusively deemed defective and not eligible for payment, that defect may not be the subject of an objection by the claimant, and the claimant shall not have an additional opportunity to cure the defect. (This process shall not be necessary for Electronic Claim Forms by virtue of the electronic verification procedure.)

(b)     By no later than thirty (30) days after the Claims Submission Deadline (but in any event no earlier than the Effective Date), the Settlement Administrator shall (i) make a determination as to whether each submitted Claim Form contains a signature and identifies the policy number involved in the claim and is postmarked within thirty (30) days of the Final Approval Hearing (no such determination will be necessary for Electronic Claim Forms); (ii) shall make available to Class Counsel and counsel for Infinity all Claim Forms and Electronic Claim Forms (or data resulting therefrom) that have been received; and (iii) shall prepare and make available to Class Counsel and counsel for Infinity a list (with the list including the Settlement Class Member's name and claim number) of all Claim Forms and Electronic Claim Forms received and an indication whether the Claim Form was properly submitted and timely mailed.  In addition, the Settlement Administrator shall make available to Infinity and Class Counsel all compliant Claim Forms on a rolling basis.  The Settlement Administrator's determination whether a Claim Form was timely submitted, was signed, legible and identifies the policy number involved in the claim shall be final, binding, and non-appealable, and may not be the subject of an objection by the claimant or an opportunity to cure, other than that provided in Subparagraph 76(a).

(c)     Within one-hundred and fifty (150) days after the Claims Submission Deadline (but in no event before the Effective Date), Infinity shall (i) make a determination of the payment, if any, due in response to each Claim Form timely mailed to the correct address and Electronic Claim Form timely submitted and (ii) prepare a list of each such determination and provide it to Class Counsel through the Settlement Administrator. The review process conducted by Infinity in connection with making their determinations under this paragraph may include the use of contractor(s), at Infinity's unilateral discretion.  The list of each determination shall include the Settlement Class Member name, claim number, and amount to be paid.  Infinity may deny a claim if the claim form is so deficient that

Infinity is unable to locate the claim in their records after a reasonable search based on the information provided on the claim form. Any such determination will explain any such deficiency on the claim form, and the Settlement Administrator will send a copy of any such determination to Class Counsel.

(d)     Within thirty (30) days of receiving Infinity's determinations in Subparagraph 76(c), the Settlement Administrator shall mail to all Settlement Class Members (i) a notice informing the Settlement Class Member of the determination as to whether and how much money (if any) the Settlement Class Member is entitled to receive; and (ii) for those qualifying claims, enclosing a check in the amount of the Claim Payment. If Infinity determined that the information provided by the Settlement Class Member was deficient as set forth above, the notice shall inform the Settlement Class Member of that determination and of the Settlement Class Member's one opportunity to correct the deficiency, as further provided in Subparagraph 76(e). The checks shall also indicate on their face that they are void after one hundred eighty (180) days from the date issued. Any checks not cashed by that date shall be voided, and Infinity shall not be liable for payment of those Claim Payments.

(e)     A Settlement Class Member who objects to Infinity's determination of the payment, if any, due in response to his or her Claim Form or Electronic Claim Form must mail to the Settlement Administrator, within thirty (30) days after the date the Settlement Administrator mailed the determination, a written and signed statement setting forth the basis for that objection and curing any deficiencies noted by Infinity with the information originally provided in the Claim Form which prevented Infinity from locating the claim in their records. Otherwise, any objection shall be deemed waived. The Settlement Administrator shall forward any such objections to Infinity and Class Counsel within five (5) business days of receipt.

(f)     Upon the timely submission of an objection by a Settlement Class Member under Subparagraph 76(e), Infinity shall have thirty (30) days after receipt of the objection to consider the objection. At the end of this thirty (30) day period, Infinity shall provide the Settlement Administrator written notice of their decision regarding the objection. Within five (5) business days of receiving Infinity's written notice, the Settlement Administrator shall mail, with a copy to Infinity and Class Counsel, Infinity's decision regarding the objection and inform the objecting

Settlement Class Member of his or her right to submit the claim to a Neutral Evaluator pursuant to Subparagraph 76(g).

(g)   A Settlement Class Member who wishes to object to Infinity's determination in Subparagraph 76(c) and request review by the Neutral Evaluator of that determination must mail a copy of that objection to the Settlement Administrator, requesting review by the Neutral Evaluator, within thirty (30) days after the date that the Settlement Administrator mails the decision regarding the objection pursuant to Subparagraph 76(f). Otherwise, any objection shall be deemed waived.  The Settlement Administrator shall forward any such objections, along with a copy of the Settlement Class Member's Claim Form and any documentation previously submitted by the Settlement Class Member, including the Settlement Class Member's initial objection, to the Neutral Evaluator, Infinity, and Class Counsel within two (2) business days of receipt.

(h)   Infinity shall have thirty (30) days after receipt to respond in writing, with a copy to Class Counsel, to an objection submitted to a Neutral Evaluator in accordance with Subparagraph 76(g).  The Neutral Evaluator shall issue a decision, based solely on the written submissions, with respect to each such objection within thirty (30) days after his/her receipt of Infinity's response.  The decision of the Neutral Evaluator shall be binding on the Parties and not subject to appeal.

(i)   Claim Forms that are not timely received by the Settlement Administrator will not be considered for payment, and the Settlement Class Members whose Claim Forms are deemed untimely will be provided written notice thereof.

77.   Infinity shall pay each claim that is due a payment under Paragraph 76, either by direct payment or though payments funded by Infinity and issued by the Settlement Administrator, no later than thirty (30) days after the latest of (a) the date on which the Settlement Class Member agrees in writing to accept Infinity's determination of the claim if the Settlement Class Member has objected to Infinity's payment determination, (b) the date on which the time for objecting to that determination under Paragraphs 76(e) and 76(f) expires, (c) the date on which the time for presenting an objection to a Neutral Evaluator under Paragraph 76(g) expires if an objection was made by the Settlement Class Member to Infinity's payment determination, (d) the date on which the Neutral Evaluator resolves such an objection under Paragraph 76(h) if the Neutral Evaluator is presented the claim

for resolution, or (e) the Effective Date.  Infinity, in their sole discretion, may choose to pay a claim before these dates.

78.    The Neutral Evaluator's role in the settlement administration shall be limited to the decision(s) (if any) set forth in Paragraph 76(h).

79.    The Neutral Evaluator shall be bound by Paragraphs 89-91 concerning Confidential Information.

80.    Infinity will pay the costs of the Neutral Evaluator based on the number of disputes and the hours incurred, as substantiated by billing records.

## XI.    COMMUNICATIONS WITH MEMBERS OF THE SETTLEMENT CLASS

81.    The Notice and settlement website shall list the law firms designated as Class Counsel and the name, address, and telephone number of the Settlement Administrator.  Communications with potential Settlement Class Members regarding the Proposed Settlement shall primarily be handled through the Settlement Administrator, or Class Counsel if required.  Infinity or their agents are permitted to respond to inquiries regarding the Agreement, and discuss matters unrelated to the Agreement with their customers.

## XII.    COSTS OF SETTLEMENT ADMINISTRATION

82.    Infinity will pay the costs of printing, reproducing, and mailing the checks, forms, notices, and responses that are sent in connection with the administration of the claims process, and/or in connection with the determination of claims submitted in the course of the claims process.  In addition, Infinity will pay the fees of the Neutral Evaluator and the costs associated with the services of the Settlement Administrator to undertake duties reasonably required to assist in the management of this Proposed Settlement.

## XIII.    ATTORNEYS' FEE AND INCENTIVE AWARDS

83.    Class Counsel's entitlement, if any, to an Attorneys' Fee Award, and the Named Plaintiff's entitlement, if any, to an Incentive Award, will be determined by the Court.  Infinity and Class Counsel did not negotiate the amount of any such awards, fees, costs, or expenses until they resolved all other material elements of the Proposed Settlement.  The terms of this Proposed Settlement are not conditioned upon any maximum or minimum Attorneys' Fee Award or Incentive Award, except as provided in Paragraphs 84-85.

84.    Class Counsel will file a motion with the Court prior to the Final Approval
       Hearing requesting an award of attorneys' fees, costs, and expenses payable to
       Class Counsel in a total amount that shall not exceed Two Million Five Hundred
       Thousand Dollars ($2,500,000.00) (the "Maximum Attorneys' Fee Award") and
       an incentive awards to the Named Plaintiff not to exceed the amount of Five
       Thousand Dollars ($5,000.00).  Infinity's payment of any Attorneys' Fee Award
       or Incentive Awards and of the costs of the administration of this settlement are
       separate and apart from and in addition to the payments made available to
       Settlement Class Members.  The amount owed and/or paid to Settlement Class
       Members will not be adjusted or reduced at all as a result of any payments made
       for Attorneys' Fees, Incentive Awards, or the costs of administration.

85.    Infinity will not object to Plaintiffs' motion requesting an award of attorneys'
       fees, costs, and expenses to be paid to Class Counsel in a total amount that shall
       not exceed the Maximum Attorneys' Fee Award, and Incentive Awards to the
       Named Plaintiff in an amount not to exceed the Maximum Incentive Award.
       Infinity agrees to pay these Attorneys' Fee Award and Incentive Awards or any
       lesser amount the Court may award.  Plaintiff and Class Counsel waive any
       Attorneys' Fee Award and any Incentive Awards in excess of the limitations set
       forth in this paragraph, and agree they will not seek to enforce or recover any
       Attorneys' Fee Award in excess of the Maximum Attorneys' Fee Award, or any
       Incentive Award in excess of the Maximum Incentive Award.  However, if the
       Court should choose to award Class Counsel a sum less than the Maximum
       Attorneys' Fee Award, or award the Named Plaintiff a sum less than the
       Maximum Incentive Award, Infinity shall be obligated to pay only the amounts
       awarded by the Court, and this Agreement shall remain fully enforceable in all
       respects.

86.    Any Attorneys' Fee Award and any Incentive Award made by the Court shall be
       payable within ten (10) days after the Effective Date.

## XIV.   DEFENDANTS' MONETARY OBLIGATION UNDER THE SETTLEMENT

87.    Infinity's liability under this settlement shall be limited to (a) paying the Claim
       Payments to Eligible Settlement Class Members; (b) paying the costs of notice
       and settlement administration, including the fees and costs of the Settlement
       Administrator and the Neutral Evaluator; (c) paying any Attorneys' Fees Award
       awarded by the Court up to $2,500,000.00; and (d) paying any Incentive Awards
       to the Named Plaintiff awarded by the Court up to $5,000.00.  In no event shall
       Infinity be liable under this settlement to pay any additional amounts.

## XV.   REPRESENTATION OF OPT OUTS; CONFIDENTIALITY AGREEMENT

88.   Class Counsel agree that representations, encouragements, solicitations or other assistance to any Person seeking exclusion from the Settlement Class or any other Person seeking to litigate with Released Persons over any of the Released Claims in this matter could place Class Counsel in a conflict of interest with the Settlement Class.  Accordingly, Class Counsel and their respective firms agree not to represent, encourage, solicit, or otherwise assist any Person in requesting exclusion from the Settlement Class.

89.   The following constitutes highly confidential and proprietary business information of Infinity (the "Confidential Information"): (a) the names, addresses, policy numbers, and other data concerning potential Settlement Class Members compiled by Infinity and/or the Settlement Administrator in effectuating the Proposed Settlement; and (b) the electronic data processing and other record keeping procedures and materials to be utilized by Infinity and/or the Settlement Administrator in identifying the potential Settlement Class Members and effectuating Infinity's other obligations under the Agreement and/or the Proposed Settlement.  The confidentiality of all Confidential Information shall be protected from disclosure by Class Counsel and the Named Plaintiff in this Action to any Persons other than those described below.

90.   No Persons other than Infinity, Infinity's counsel and administrative personnel employed by Infinity's counsel, Class Counsel and administrative personnel employed by Class Counsel, the Settlement Administrator, the Neutral Evaluator, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Confidential Information.

91.   The Parties agree that neither Class Counsel, nor anyone employed with, retained by, or otherwise associated with Class Counsel's firms shall use any of this Confidential Information or confidential material in any other litigation, current or future, unless independently obtained through discovery or other procedures in such other litigation.

## XVI.  DISAPPROVAL OR TERMINATION OF THE PROPOSED SETTLEMENT

92.   Within twenty (20) days after notice of the occurrence of any of the following events, Infinity shall have the right, exercisable at their own discretion, to terminate this Agreement by delivering written notification of such election to Class Counsel, if

(a)     the Court, or any appellate court(s), rejects, denies approval, disapproves, or modifies the Agreement or any portion of this Agreement that Infinity, in their sole judgment and discretion believe to be material, including the terms of the Settlement Class relief, provisions relating to notice, the definition of the Settlement Class, the Released Claims and Released Persons, the Proposed Preliminary Approval Order, the Mailed Notice, the Claim Form, and the Proposed Final Order and Judgment.

(b)     the Court, or any appellate court(s), does not enter or affirm any portion of the Agreement, Proposed Preliminary Approval Order, or Proposed Final Order and Judgment that Defendants, in their sole judgment and discretion, believe to be material; or

(c)     any regulatory agency or governmental agency challenges any of the terms of the Agreement in any way that is materially adverse to Defendants' interests without Defendants' written consent;

(d)     the number of Settlement Class Members who exclude themselves from the Settlement Class equals or exceeds three percent (3%) of the Settlement Class;

(e)     the Named Plaintiff, or any Settlement Class Member with an attorney-client relationship to Class Counsel or their firms, opts out of, excludes himself or herself from, or objects to the Settlement Class or Agreement;

(f)     any financial obligation is imposed upon Defendants in addition to and/or greater than those specifically accepted by Defendants in this Agreement; or

(g)     if the Court permits or allows a certified class of Persons who are also members of the Settlement Class to opt out of the Proposed Settlement.

93.    If an option to withdraw from and terminate this Agreement arises as set forth above, Infinity is not required to exercise that option.

94.    If the proposed Agreement shall fail for any reason other than a breach by one of the Parties, or if this Agreement shall be terminated by Infinity as set forth above:

(a)     This Agreement and the Proposed Settlement shall have no further force or effect, and all proceedings that have taken place regarding this Agreement and the Proposed Settlement shall be without prejudice to the rights and contentions of the Parties hereto and any of the Settlement Class Members;

(b)     This Agreement, all of its provisions (including, without limitation, any provisions regarding class certification), and all negotiations, statements, and proceedings relating to them shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to his, her, or its respective position existing immediately before settlement negotiations and the execution of this Agreement;

(c)     This Agreement, any provision of this Agreement (including without limitation the provisions regarding class certification), and the fact of this Agreement having been made shall not be admissible or entered into evidence for any purpose whatsoever and shall not be subject to discovery;

(d)     The Parties agree that they will promptly file a joint motion with the Court to vacate all orders entered pursuant to the terms of this Agreement.

## XVII.  REQUESTS FOR EXCLUSION AND OBJECTIONS TO THE SETTLEMENT

95.     Settlement Class Members who wish to exclude themselves from the Settlement Class must submit timely and written requests for exclusion.  To be effective, such a request must include the Settlement Class Member's name and address, a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class, and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member.  The request must be mailed to the Settlement Administrator at the address provided in the Notice and must be postmarked no later than forty-five (45) days after the Mailed Notice Date.  Requests for exclusion must be exercised individually by the Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

96.     The Named Plaintiff and Class Counsel agree that the Named Plaintiff shall not elect or seek to opt out or exclude herself from the Settlement Class.

97.     The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Infinity and Class Counsel as requested.

98.     The Settlement Administrator shall prepare a list of all Persons who timely and properly requested exclusion from the Settlement Class (the "Opt-Out List") and shall, before the Final Approval Hearing, submit an affidavit to the Court attesting to the accuracy of the Opt-Out List.

99.    All potential Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by this Agreement, and all their claims shall be dismissed with prejudice and released as provided for herein, even if they never received actual notice of the Action or this Proposed Settlement, or never submitted a claim pursuant to the settlement.

100.   Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement.  Settlement Class Members who choose to object to the Proposed Settlement must file written notices of intent to object.  Any Settlement Class Member who has timely filed an objection in compliance with this paragraph may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the Proposed Settlement, and on the applications for awards of attorneys' fees and costs and incentive awards.

101.   To be timely, the objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, no later than forty-five (45) days after the Mailed Notice Date.

102.   The right to object to the Proposed Settlement or to intervene in the Action must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

103.   To be effective, a notice of intent to object to the Proposed Settlement must:

(a)    Include the name of the case and case number;

(b)    Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

(c)    Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

(d)    Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney.  If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

(e)    State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

104.    In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Final Approval Hearing:

(a)     A detailed statement of the legal and factual basis for each objection;

(b)     A list of any and all witnesses whom the Settlement Class Member may seek to call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court);

(c)     A detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the Final Approval Hearing (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court);

(d)     A list of any legal authority the Settlement Class Member will present at the Final Approval Hearing; and

(e)     Documentary proof of membership in the Settlement Class.

105.    Any Settlement Class Member who does not file a timely notice of intent to object may, in the discretion of the Court, waive the right to object or to be heard at the Final Approval Hearing and be barred from making any objection to the Proposed Settlement.  Settlement Class Members have the right to exclude themselves from the Proposed Settlement and pursue a separate and independent remedy against Defendants by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Proposed Settlement shall remain Settlement Class Members, and waive their right to pursue an independent remedy against Defendants.  To the extent any Settlement Class Member objects to the Proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court.  Settlement Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions set forth herein.

106.    The Settlement Administrator shall provide Infinity's counsel and Class Counsel a copy of each notice of intent to object received by the Settlement Administrator.

## XVIII. DENIAL OF LIABILITY

107.  Infinity has indicated its intent to vigorously contest the Action.  Infinity maintains that it acted in accordance with the governing laws and regulations of the State of Florida applicable to this Action, and abided by the terms of the applicable insurance policies.  Infinity nonetheless has concluded that it is in its best interests that the Action be settled on the terms and conditions set forth in this Agreement.  Infinity reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, and the expense that would be necessary to defend the Action through trial, appeal, and any subsequent proceedings that may occur.

108.  As a result of the foregoing, Infinity enters into this Agreement without admitting, conceding, or acknowledging any fault, liability, or wrongdoing of any kind.  Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  This Agreement shall not be offered into evidence in any action or proceeding in any court, administrative panel, or proceeding, or other tribunal as an admission or concession of liability or wrongdoing of any nature on the part of Infinity, or as an admission or concession that this Action may properly be maintained as a litigation class action against Infinity.  In the event the Proposed Settlement is not finally approved for any reason, Infinity shall retain the right to object to the maintenance of this or any other case as a class action and to contest this or any other case on any ground.

109.  Neither this Agreement, nor the negotiations of the settlement, nor the settlement procedures, nor any act, statement, or document related in any way to the settlement negotiations or settlement procedures, nor any pleadings or other document or action related in any way to the Agreement, shall be (1) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Infinity or (2) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class against Infinity.

## XIX.  RETENTION OF RECORDS

110.  The Settlement Administrator, Class Counsel, and Infinity shall retain copies or images of all returned Notices, Claim Forms, Electronic Claim Forms (and/or data resulting therefrom) and correspondence relating thereto, for a period of up to two (2) years after the Effective Date.  After this time, upon Infinity's request, Class Counsel shall destroy any documentary records in their possession.  Nothing in

this Agreement shall be construed to require the Settlement Administrator, Class Counsel, and/or Infinity to retain records beyond their respective discretionary record retention policies.

## XX.   MISCELLANEOUS PROVISIONS

111.   Effective 90 days after the Effective Date, Infinity agrees to include Sales Tax, and Title and Tag Transfer Fees in Total Loss Payments under Florida automobile insurance policies, for a commercially reasonable time, unless and until the earlier of the following occurs: (1) Infinity implements a change in its Florida automobile insurance policies that would affect its obligation to pay Sales Tax and/or Title and Tag Transfer Fees, at which point the new policy language will be followed if and when it becomes effective; or (2) a Florida District Court of Appeal, the Florida Supreme Court, or the U.S. Court of Appeals for the Eleventh Circuit issues a new decision after the execution of this Agreement on a contested issue as to the payment of Sales Tax and/or Title and Tag Transfer Fees that, in Infinity's judgment, no longer requires payment of Sales Tax or Title and Tag Transfer Fees.

112.   Each Party to this Agreement warrants that he, she, or it is fully authorized to enter into this Agreement, and is acting upon his, her, or its independent judgment and upon the advice of his, her, or its counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

113.   The Parties hereto and their undersigned counsel agree to undertake their best efforts and to cooperate with each other to effectuate this Agreement and the terms of the Proposed Settlement, including taking all steps and efforts contemplated by this Agreement, and any other reasonable steps and efforts which may become necessary by order of the Court or otherwise.  The Parties further agree to cooperate in respect to reasonable, agreed extensions to the timetable hereunder, subject to such Court approval as may be required.

114.   The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Agreement.

115.   The headings and captions contained in this Agreement are for reference purposes only and in no way define, extend, limit, describe, or affect the scope, intent, meaning, or interpretation of this Agreement.

116.    Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days.  In the event any date or deadline set forth in this Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

117.    Except as otherwise provided in a written amendment executed by the Parties or their counsel, this Agreement contains the entire agreement of the Parties hereto and supersedes any prior agreements or understandings between them.  All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all parties hereto.  The terms of this Agreement are and shall be binding upon each of the Parties hereto, upon each of their agents, attorneys, employees, successors, and assigns, and upon all other Persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Settlement Class Member.

118.    This Agreement may be amended or modified only by a written instrument signed by all Parties.  Amendments and modifications may be made without additional notice to the potential Settlement Class Members unless such notice is required by the Court. The terms of this Agreement are material terms, including the claims-process requirements. Infinity certifies that it would not have agreed to the settlement of the claims as set forth herein absent the claims-made requirement.

119.    This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the State of Florida, without regard to principles of conflicts of law.

120.    The exhibits to this Agreement are integral parts of the settlement and are hereby incorporated and made parts of this Agreement.

121.    To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of this Agreement.

122.    This Agreement shall be deemed to have been executed upon the last date of execution by all the undersigned Parties and/or counsel.

Dated this 27th day of November, 2019.

SIGNED AND AGREED:

***For the Named Plaintiff and the Settlement Class:***

Edmund A. Normand
FBN: 0865590
NORMAND PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
407-603-6031
ed@ednormand.com
firm@ednormand.com

Jacob L. Phillips, Esq.
FBN: 0120130
NORMAND, PLLC
3165 McCrory Place, Suite 175
Orlando, FL 32803
407.603.6031
jacob.phillips@normandpllc.com

Christopher J. Lynch, P.A.
FBN 331041
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
clynch@hunterlynchlaw.com
lmartinez@hunterlynchlaw.com

**Attorneys for the Named Plaintiff and Proposed Counsel for the Settlement Class**

*For the Defendant:*

*Nathan L. Garroway* KvK

Nathan L. Garroway (admitted *pro hac vice*)
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
Email: nathan.garroway@dentons.com
Telephone: 404-527-4391


*Christine A. Wasula*

Robert A. Swift
FBN: 0018518
Christine A. Wasula
FBN: 0148164
COLE, SCOTT & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Tower Blvd.
Orlando, Florida 32810
robert.swift@csklegal.com
christine.wasula@csklegal.com
Telephone: (321) 972-0075

Attorneys for Defendant

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIN JUNIOR, individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

INFINITY AUTO INSURANCE COMPANY, a
foreign insurance company

      Defendant.

_____/

CASE NO.: 6:18-cv-1598-ORL- 40-
TBS

CLASS ACTION

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO THE CLASS [PROPOSED]**

The parties have reached a settlement in this case. Through an unopposed motion for preliminary approval of class settlement, they seek, among other things, that the Court (1) certify the proposed class for settlement purposes; (2) grant preliminary approval of the Class Action Settlement Agreement; (3) direct notice to the settlement class; and (4) set a final fairness hearing.  For the reasons stated below, the motion is granted.

Plaintiff Erin Junior, on behalf of herself and the proposed Settlement Class, and Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company (collectively "Infinity" or "Defendant") have agreed, subject to approval by the Court, to settle this Action upon the terms and conditions in the Agreement, filed with the Court on _____, 2019; and

The Parties have made an application for preliminary approval of the Settlement of this Action, as set forth in the Agreement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

IT IS HEREBY ORDERED:

1.   This Preliminary Approval Order incorporates by reference the definitions in the Agreement.

2.   The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiff, all Settlement Class Members and Infinity.

3.   The Court preliminarily approves the Agreement, and preliminarily finds the Settlement to be fair, reasonable, and adequate to the Settlement Class, but such finding is not to be deemed an admission of liability or fault by Infinity or by any other Person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Infinity. Infinity shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes.  Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Released Persons, except that Infinity may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

4.    The Court appoints Erin Junior as Class Representative, and Ed Normand and Jacob

Phillips from Normand PLLC and Chris Lynch from Christopher J. Lynch, P.A. as Class

Counsel.

5.    The Court approves, as to form and content, the Class Notice.

6.    All dates that are set forth in or that otherwise flow from the Preliminary Approval Order

shall be added to the Class Notice before it is mailed to Class Members.

7.    The Court finds that the Class Action Fairness Act Notice given by the Settlement

Administrator on behalf of Infinity is in full compliance with 28 U.S.C. § 1715(b).

8.    The Court finds the Class Notice constitutes the best notice practicable under the

circumstances, by providing individual notice to all Class Members who can be identified

through reasonable effort, and constitutes valid and sufficient notice to all Persons entitled

thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

9.    The Court approves the Class Notice, the content of which is without material alteration

from Exhibit 2 to the Agreement, to be sent to the Persons described in Paragraph 33 of the

Agreement, and directs its mailing by first-class mail to the last-known address for each such

Person as set forth in Paragraph 52 of the Agreement, and, for Mailed Notices returned, directs

the Settlement Administrator to follow the procedures set forth in Paragraph 53 of the

Agreement.

10. The Court approves the Claim Form, the content of which is without material alteration

from Exhibit 3 to the Agreement, and the Electronic Claim Form, the content of which is without

material alteration from Exhibit 3 to the Agreement, except for conversion to electronic format

with the functionality described in Paragraph 73 of the Agreement, for distribution to and/or use

by potential Settlement Class Members.

11. The Claims Submission Deadline after which the Claim Forms and Electronic Claim Forms shall be deemed untimely shall be thirty (30) days after the Final Approval Hearing.

12. The Court approves the settlement website as described in Paragraph 55 of the Agreement, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 180 days after the Claims Submission Deadline.

13. The Court appoints Epiq as the Settlement Administrator.

14. The Court directs the Settlement Administrator to create, maintain, and establish the website described in Paragraph 55 of the Agreement and approved herein. The Website shall be "live" or accessible on or before the date on which Notice is mailed.

15. The Court directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to record a message to be returned by the Settlement Administrator.

16. The Settlement Administrator shall file proof of mailing of the Notice at or before the Final Approval Hearing, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List.

17. Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion, postmarked no later than forty-five (45) days after the Mailed Notice Date, to the Settlement Administrator at the address in the Mailed Notice, and that complies with the requirements in Paragraphs 95-96 of the Agreement.  Any exclusion must be exercised individually by a Settlement Class Member, not as

or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

18. Any Settlement Class Member who does not submit a timely, written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement.

19. Preliminary certification of the Settlement Class and all actions associated with preliminary certification are undertaken on the condition that the certification and designations shall be automatically vacated if the Agreement is terminated or is disapproved in whole or in part by the Court, the Court of Appeals or the Supreme Court, or if the agreement to settle is revoked pursuant to Paragraphs 92-94 of the Agreement, in which event the Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or of the certifiability of any class.

20. Each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class, and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or any term or aspect of the Proposed Settlement or to intervene in the Action, must follow the procedures set forth in Paragraphs 100-105 of the Agreement;

21. Any attorney hired by a Settlement Class Member for the purpose of objecting to any term or aspect of the Agreement or to the Proposed Settlement or intervening in the Action must provide to the Settlement Administrator (who shall forward it to Class Counsel and Counsel for Defendants) and file with the Clerk of the Court a notice of appearance no later than forty-five (45) days after the Mailed Notice Date.

22. The right to object to the Proposed Settlement or to intervene must be exercised individually by a Settlement Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by a Settlement Class Member's Legally Authorized Representative.

23. The Settlement Administrator shall receive requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to these documents, except as otherwise expressly provided in the Agreement.

24. The Settlement Administrator shall promptly furnish to Class Counsel and Counsel for Defendants copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

25. The Court hereby stays all proceedings in the Action until further order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement the Proposed Settlement or to effectuate the terms of this Agreement.

26. Consistent with the Agreement, the Court conditionally approves the following Settlement Class:

> All policyholders who were paid a Total Loss Payment under an Automobile Insurance Policy during the Class Period.
>
> Excluded from the Class are: (i) claims that were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiff's claims; (ii) claims for which Infinity received a valid and executed release during the Class Period; and (iii) Infinity, all present or former officers and/or directors of Infinity, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Infinity's counsel of record.

27. For purposes of Settlement, the threshold requirements and Rule 23 requirements for class certification are met. Plaintiff possesses Article III standing and the proposed Settlement Class is adequately defined and clearly ascertainable.

28. For purposes of settlement, the Class is sufficiently numerous (comprised of over 19,000 members), there are questions of law and fact common to the Settlement Class, Plaintiff's claim is typical of the Settlement Class, and both Plaintiff and Class Counsel are adequate representatives of the Settlement Class. *See Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

29. For purposes of settlement, questions common to the class predominate over any individual questions, and class treatment is superior to alternative forms of adjudication. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

30. That the Court preliminarily finds the proposed Settlement Class is certifiable in no way portends this Court's analysis at final approval, nor does it have any applicability to the certifiability of any litigated class should this Agreement not be approved or otherwise fail to be effectuated. Defendant maintains all defenses to certification of a litigated Class, and this Order shall not be used as evidence or in any way relevant to whether a litigation Class should be certified for class treatment.

31. If final approval of the Proposed Settlement is not obtained, this certification order, including the above description of the Settlement Class, shall be vacated and of no further force or effect.

32. A hearing shall be held on _____, 2020, at _____ _.m., before the Honorable _____, at _____, ____ Florida, for the purpose of determining (a) whether the proposed Settlement as set forth in the Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) whether a Final Judgment, granting final approval of the Agreement and dismissing the Action with prejudice should be entered; (c) whether the Class Representative should receive an incentive award and in what amount; (d) whether Class Counsel should receive a fees and costs award and in what amount; and (e) such other matters as the Agreement contemplates and as the Court may deem just and proper.

33. Any application by Class Counsel for Attorneys' Fees and Costs, and all papers in support thereof, and any application for a Class Representative Award, shall be filed with the Court at least fifteen (15) days prior to the Final Approval Hearing.

34. All other papers in support of the Settlement or responding to objections or motions to intervene shall be filed at least fifteen (15) days prior to the Final Approval Hearing.

35. Any Class Member who has not requested to be excluded from the Class may appear and endeavor to show cause, if any, why the Court should or should not:  (a) approve the proposed Settlement as set forth in the Agreement as fair, reasonable and adequate; (b) provide for a Class Representative Award; (c) provide for a fee and expense award to Class Counsel; and (d) enter the Final Judgment finally approving the Settlement.  Provided, however, that no person shall be heard with respect to, or shall be entitled to contest the foregoing matters unless, no later than 45 days prior to the Final Approval Hearing, that person has properly filed with the Clerk of the Court, and served upon Class Counsel and Counsel for Defendants, a written notice of intent to object which must: (a) include the name of the case and case number; (b) provide the name,

address, telephone number, and signature of the Settlement Class Member filing the objection; (c) indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement; (d) contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney (if the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court); and (e) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

36. In addition, a notice of intent to object must contain the following information, if the Settlement Class Member or his or her attorney requests permission to speak at the Final Approval Hearing:  (a) a detailed statement of the legal and factual basis for each objection; (b) a list of any and all witnesses whom the Settlement Class Member may seek to call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court); (c) a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the Final Approval Hearing (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court); (d) a list of any legal authority the Settlement Class Member will present at the Final Approval Hearing; and (f) documentary proof of membership in the Settlement Class.

37. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

38. The Court may adjourn the Final Approval Hearing from time to time and without further notice to the Settlement Class Members.  The Court reserves the right to approve the Settlement at or after the Final Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class Members.  The Court further reserves the right to enter a Final Judgment, dismissing the Action with prejudice as to Infinity and against the Named Plaintiff and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

39. Pending final determination as to whether the Settlement, as set forth in the Agreement, should be approved, no Settlement Class Member shall commence, prosecute, pursue, or litigate any Released Claims against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether or not any such Settlement Class Member has appeared in the action.

40. The following schedule is established to guide the Parties in conducting the Notice and claims administration process:

### PROPOSED PRELIMINARY SCHEDULE

| # | Action | Deadline |
|---|--------|----------|
| 1 | Website Notice Posted by Settlement Administrator | Month, Day, Year [forty-five (45) days after entry the Preliminary Approval Order ("PAO")] |
| 2 | Deadline for Settlement Administrator to mail out direct mail notice | Month, Day, Year [forty-five (45) days after entry of the PAO] |
| 3 | Deadline for Settlement Class Members to opt-out of the Agreement | Month, Day, Year [Forty-five (45) days after Notice Date and ninety (90) days after entry of the PAO] |

| 4 | Deadline for submission of Notice of Intent to object to agreement | Month, Day, Year [Forty-five (45) days after Notice Date and ninety (90) days after entry of the PAO] |
|---|---|---|
| 5 | Deadline for Settlement Class Members to file claims. | Month, Day, Year [Thirty (30) days after Final Hearing] |
| 6 | Deadline for Class Counsel to file their Motion for Final Approval of the Settlement, application for attorneys' fees, costs and expenses, and for a service award for each Plaintiff. | Month, Day, Year [Thirty (30) days of expiration of the deadlines to request exclusion or file Notice of Intent to object to agreement and 120 days after entry of PAO] |
| 7 | Deadline for submission of any additional papers in support of final approval, including responses to any Objections | Month, Day, Year [same as deadline in No. 6] |
| 8 | Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | On or before before Final Hearing |
| 9 | Final Approval Hearing | Month, Day Year, at Time [At least 135 days after entry of PAO and fifteen (15) days after deadline for Class Counsel to file the Motion for Final Approval and for Parties to submit any other papers in support of final approval, include responses to any Objections] |

IT IS SO ORDERED.


DATED: _____



_____

# EXHIBIT 2

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

*Junior v. Infinity* **Class Action Settlement**

**A class action settlement involving Infinity automobile insurance may provide payments to those who qualify.**

*A court authorized this Notice.*
*This is not a solicitation from a lawyer.*
*You are not being sued.*

**If you are a Class Member, your legal rights are affected whether you act or don't act.**

PLEASE READ THIS NOTICE
<u>AND THE ENCLOSED CLAIM FORM CAREFULLY</u>

This Notice provides information regarding a class action lawsuit concerning whether Infinity (which refers to Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company) has properly included Sales Tax, Title and Tag Transfer Fees, and Additional Fees when paying claims for Total Losses under automobile insurance policies in the State of Florida. A proposed settlement has been reached, and your rights may be affected pursuant to the terms of the proposed settlement. Infinity denies any wrongdoing.

You might be eligible for a payment if you submit a valid Claim Form or Electronic Claim Form within the timeframe set forth herein. Infinity's records indicate you may have filed one or more insurance claims for automobile physical damage, and your vehicle was determined to be a Total Loss during the time-period of September 25, 2013 through _____. Further, you may not have received an amount in Sales Tax, Title and Tag Transfer Fees, and/or Additional Fees that Plaintiff alleges you were owed under the Policy. If you are eligible for payment of Sales Tax, the proposed settlement will provide payment to you of the amount of Sales Tax that would be due upon purchase of a comparable vehicle, less any sales tax originally paid on the claim. If you are eligible for payment of Title and Tag Transfer Fees, the proposed settlement will provide payment to you of $75.25 in title transfer fees and $4.60 in tag transfer fees. If you additionally submit a copy of a purchase agreement for your replacement vehicle, you may also be eligible for reimbursement of Additional Fees up to $525.00. **Please do not contact Infinity regarding this settlement. If you contact Infinity regarding the settlement, they will refer you to the Settlement Administrator at [toll- free number] or [email address] or [web address].** The following rights and options, and the deadlines to exercise them, are explained in

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/
1

this Notice:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment under the settlement is to submit a Claim Form or an Electronic Claim Form. You should submit one or the other, but not both. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be a part of any other lawsuit against Infinity about the legal claims in this case related to payment of Sales Tax, Title and Tag Transfer Fees, and Additional Fees. |
| **OBJECT** | Write to the Court and explain why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights.  You will not receive a payment under the proposed Settlement, and you will lose the right to be a part of any other lawsuit against Infinity about the legal claims in this case related to payment of Sales Tax, Title and Tag Transfer Fees, and Additional Fees. |

The Court in charge of this case has yet to decide whether to approve this settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**

1. Why was this Notice issued?
2. Which Infinity Companies are part of the settlement?
3. What is this lawsuit about?
4. What is a Total Loss?
5. What is an Actual Cash Value Payment?
6. What is a Florida Automobile Insurance Policy?
7. Why is this a class action?
8. Why is there a settlement?

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/

**WHO IS IN THE SETTLEMENT**

9.  How do I know if I am part of the settlement?
10. Are there exceptions to being included?
11. Understanding Class membership.
12. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**

13. What does the settlement provide?
14. How do I qualify for a payment?
15. How much will payments be?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

16. How can I get a payment?
17. When will I get my payment?
18. What if I disagree with the amount of my payment?
19. What am I giving up to receive a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

20. How do I get out of the settlement?
21. If I don't exclude myself, can I sue Infinity for the same thing later?
22. If I exclude myself, can I get a payment from this settlement?

**THE LAWYERS REPRESENTING YOU**

23. Do I have a lawyer in the case?
24. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

25. How do I tell the Court that I don't like the settlement?
26. What's the difference between objecting and excluding yourself?

**THE COURT'S FINAL APPROVAL HEARING**

27. When and where will the Court decide whether to approve the settlement?
28. Do I have to come to the Hearing?
29. May I speak at the Hearing?

**IF YOU DO NOTHING**

30. What happens if I do nothing at all?

**GETTING MORE INFORMATION**

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/

31. How do I get more information about the settlement?

| BASIC INFORMATION |
|:---:|

## 1. Why was this Notice issued?

The Court authorized this Notice because you have a right to know about the proposed settlement of this class action, including the right to make a claim for monetary payment, object, or seek exclusion from the settlement, before the Court decides whether to provide "final approval" of the settlement.  If the Court approves the parties' Class Action Settlement Agreement ("Settlement Agreement"), and after any objections and appeals are resolved, payments will be made to those who timely submit a valid claim.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available under the settlement, who is eligible for them, and how to get them.

Judge Wendy Berger of the United States District Court for the Middle District of Florida is overseeing this class action.  This case is known as *Erin Junior, et al. v. Infinity Insurance Company et al.,* Case No. 6:18-cv-1598-Orl-40TBS.  The person who sued, and who is representing the class members, is called the Plaintiff, and the companies she sued are called the Defendants.

## 2. Which Infinity companies are part of the settlement?

This settlement includes Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company.  This Notice also sometimes refers to these companies as "Infinity" or "Defendants."

## 3. What is this lawsuit about?

The lawsuit claims that Infinity improperly failed to include Sales Tax and/or Title and Tag Transfer Fees when making payment to Infinity insureds for the Actual Cash Value ("ACV") of their insured vehicle when adjusting claims where the insured vehicle was determined to be a Total Loss, under Florida Automobile Insurance Policies, during the period from September 25, 2013 through _____.

Infinity maintains that it complied with the terms of the insurance policies and applicable law and denies that it acted wrongfully or unlawfully.  Infinity denies and continues to deny all

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/

material allegations of the lawsuit, as to which Infinity raised numerous additional defenses, and maintains that it acted consistently in accordance with the insurance policies and all applicable laws and regulations and abided by all its contractual and statutory obligations.

**4. What is a Total Loss?**

A Total Loss means a vehicle covered under an Automobile Insurance Policy, where a first party physical damage claim was made to Infinity, and where Infinity determined the vehicle to be a covered total loss and issued payment during the Class Period. A vehicle that is a Total Loss often is referred to as a "totaled vehicle."

**5. What is an Actual Cash Value Payment?**

An Actual Cash Value Payment (also referred to here as a "Total Loss Payment") means a payment made by Infinity under a Florida Automobile Insurance Policy after determining that the insured vehicle was a Total Loss. Plaintiff alleges that such payments were insufficient and did not properly reflect the amount owed under the Policy. Infinity's records reflect that you likely suffered a Total Loss to an insured vehicle, submitted a first-party claim, and received a Total Loss Payment. There has not yet been any determination whether Infinity paid any Sales Tax or Title and Tag Transfer Fees on your claim.

**6. What is a Florida Automobile Insurance Policy?**

Florida Automobile Insurance Policy means a Florida policy of insurance issued by Infinity in effect during the Class Period and providing first-party private passenger or commercial automobile physical damage coverage.

**7. Why is this a class action?**

In a class action lawsuit, one or more people called "Class Representative(s)" (in this case, Erin Junior) sue on behalf of people who have similar claims. The people with similar claims are called a "Class" or "Class Members." If a Class has been certified, then when the court in which the case resides makes a decision, the decision generally applies to everyone in the Class, except for those people who choose to exclude themselves from the Class.

**8. Why is there a settlement?**

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/

***The Court did not reach a judgment in favor of Plaintiff or Defendant.***  Instead, both sides agreed to a settlement.  That way, both parties avoid the risk and cost of a trial, and those affected, *i.e.* the Class Members, will receive compensation.  The Class Representative and Class Counsel, both of whom owe a fiduciary duty to the Class, believe that the settlement is in the best interests of the Class and that the settlement is fair, adequate, and reasonable.

To see if you are eligible under this settlement, you first must decide if you are and want to remain remain a member of the Class explained below.

| **WHO IS IN THE SETTLEMENT?** |
|---|

| **9. How do I know if I am an eligible Class Member and part of the settlement?** |
|---|

Infinity's records indicate that you may be a member of the class and that you may be eligible for payment.  The Class includes everyone who was covered under a Florida Automobile Insurance Policy, and was paid a Total Loss Payment from September 25, 2013 through _____.

See Question 10, below, for exceptions to the Class definition.  Also, a complete definition of the Settlement Class can be found in the Settlement Agreement (available at [website]).

| **10. Are there exceptions to being included?** |
|---|

You are not included in the settlement if (i) you filed an individual lawsuit against Infinity relating to payment of Sales Tax and/or Title and Tag Transfer Fees and/or Additional Fees following a Total Loss claim that would otherwise be the subject of your claim in this settlement; (ii) you asserted any claims relating to your Total Loss claim that would otherwise be the subject of your claim in this settlement and, related thereto, provided Infinity with an executed release; or (iii) you are a present or former officer and/or director of Infinity, Class Counsel, a Judge of the Court, or Defendants' counsel of record.

| **11. Understanding Class Membership** |
|---|

While Infinity paid Sales Tax and Title and Tag Transfer fees in certain circumstances (such as when the insured provided information about the purchase of a replacement vehicle, and limited additional circumstances), Infinity did not pay these amounts in most Total Loss claims.

This series of questions may also help you determine if you are a Class Member.

| Question | Yes or Not Sure | No |
|---|---|---|
| Do you or did you have a Florida Automobile Insurance Policy from Infinity Auto Insurance Company, Infinity Assurance Insurance Company, Infinity Indemnity Insurance Company? | Continue to next question. | You are not a Class Member. |
| Did you suffer a Total Loss of a vehicle insured under a Florida Automobile Insurance Policy issued by one of the Infinity companies listed above, and submit a first-party claims during the period from September 25, 2013 through _____? | Continue to next question. | You are not a Class Member. |
| Did you or your lienholder receive a payment from Infinity for your claim? | Continue to next question. | You are not a Class Member. |
| **Question** | **Yes** | **No or Not Sure** |
| Did you file a lawsuit against Infinity relating to payment of Sales Tax and/or Title and Tag Transfer Fees that would be the subject of your claim in this settlement? | You are not a Class Member. | Continue to next question. |
| Did you provide an executed release to Infinity for your claim that would be the subject of your claim in this settlement? | You are not a Class Member | You could be a Class Member. |

**12. I'm still not sure if I am included?**

If you are still not sure whether you are included, you can get free help.  You can call the Settlement Administrator toll-free at_____; send an e-mail to_____; or visit [website] for more information.  Or you can fill out and return the Claim Form enclosed with this Notice or the Electronic Claim Form available at [website] to see if you qualify.  **Questions**

**about the settlement should be directed to the Settlement Administrator.  You should NOT contact Infinity to ask questions about the settlement or about the payments made on your claim.**

There will be no penalty if you submit a Claim Form or Electronic Claim Form in good faith and it is later determined that you are not eligible for payment.

| THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY |
|---|

| **13. What does the Settlement provide?** |
|---|

The Settlement will compensate eligible Class Members for Sales Tax, calculated as a percentage of the adjusted vehicle value, to the extent it was not paid by Infinity.  The Settlement will also compensate eligible Class Members for Title and Tag Transfer Fees, to the extent they were not paid by Infinity.  For Class Members who incurred Additional Fees after purchasing or leasing a replacement vehicle after their Total Loss claim, they will be eligible for payment of up to 75% of the Additional Fees shown on the purchase agreement, up to a maximum amount of $525.00.  To be eligible for payment of any Additional Fees, Class Members must enclose a copy of a purchase agreement.

"Additional Fees" means all fees potentially incidental to replacement of a Total Loss, other than Title and Tag Transfer Fees and Sales Tax.

Additional Fees may include, but are not limited to:  dealer fees, dealer preparation fees, clean-up or make-ready or service fees, "doc" or document or documentation fees, conveyance charges, fuel charge fees, environmental fees (e.g., emissions testing, air pollution control, lead-acid battery, new tire), floor plan fees, advertising or promotion fees, local or regional or market area co-op fees, agent fees, shipping or handling fees, destination or delivery or transport fees, "admin" or administration fees, additional dealer markups or market adjustment fees, acquisition fees, regulatory compliance fees, Motor Vehicle Warranty Enforcement Act fees, filing fees, and any other title, tag, tax, license, or registration fees not included in Title and Tag Transfer Fees and Sales Tax.

The Settlement benefits are described in further detail in the Settlement Agreement, which is available at [website].

| **14. How do I qualify for a payment?** |
|---|

If you submit a Claim Form, Infinity will review its records to determine whether you qualify for a payment. You may qualify for a payment if (i) you suffered a Total Loss to your vehicle during the period from September 25, 2013 through _____ that resulted in a Total Loss Payment by Infinity under a Florida Automobile Insurance Policy; and (ii) you did not receive, as part of your payment(s) from Infinity, Sales Tax calculated as a percentage of the Total Loss vehicle's adjusted vehicle value and/or if you did not receive, as part of your payment(s) from Infinity, title transfer fees in the amount of $75.25 and tag transfer fees in the amount of $4.60. If you submit a copy of your purchase agreement (for your replacement vehicle) along with the Claim Form, you will also potentially be eligible (in addition to the Sales Tax and/or Title and Tag Transfer Fee payments) for reimbursement of Additional Fees incurred in replacing the vehicle.

| **15. How much will payments be?** |
| --- |

The payments paid to Eligible Class Members depend on the amount paid in the original Total Loss Payment provided by Infinity. Eligible Class Members are entitled to receive Sales Tax calculated as the applicable percentage of the adjusted vehicle value of the Total Loss vehicle, plus $75.25 in title transfer fees, plus $4.60 in tag transfer fees, less any applicable deductible and salvage value. Eligible Class Members will receive the difference between the aforementioned amount and the amount actually paid. For instance, if the adjusted vehicle value was $20,000, the applicable sales tax rate was 6%, the applicable deductible was $1,000, and the Eligible Class Member did not retain salvage, the amount that should have been paid on the claim is $20,000 + $1,200 (sales tax) + $75.25 (title transfer) + $4.60 (tag transfer) – 1,000 (deductible) = $20,279.85. If Infinity originally paid the Eligible Class member $19,500.00, the Eligible Class Member, upon timely submission of a Claim Form, would receive $779.85.

Class Members may be eligible for additional payments if they submit a copy of a valid purchase agreement along with the Claim Form. If Class Members submit a copy of the purchase agreement for the replacement vehicle, Infinity will reimburse the Class Members for up to 75% of Additional Fees (*see* Question 13 above) incurred in replacing the vehicle up to $525.00. You do not have to submit a copy of the purchase agreement in order to be eligible for payment of Sales Tax and Title and Tag Transfer Fees—you only need to submit the Claim Form. (However, if you do not submit a copy of the purchase agreement, then you will not be eligible for payment of any Additional Fees.) Not every person receiving this Notice and submitting a completed a Claim Form or Electronic Claim Form will receive a payment.
.

| HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM |
| --- |

| 16. How can I get a payment? |
| --- |

To be eligible to receive a payment, you must mail a valid and timely Claim Form or submit an Electronic Claim Form on the Internet at [website].

1.     **To Submit Your Claim by Mail:**

A paper Claim Form is included in this mailing and titled "CLAIM FORM." You may also get a paper Claim Form on the Internet at [website], or by calling_____, or by sending an e-mail to_____and asking for one.

You should read the instructions on the Claim Form carefully and fill out the entire Claim Form.  You also must sign your Claim Form under penalty of perjury.

If you have any questions relating to the claim form, you can call the Settlement Administrator or Class Counsel to have any questions answered.

You must mail the Claim Form **postmarked no later than**_____to the following address: [insert settlement administrator address]

Do not send a copy of the Claim Form to the Court, the Judge, or the Defendants.

2.     **To Submit Your Claim Electronically at [website]:** To make a claim on the website, you must go to the website [WEBSITE] and click the "Electronic Claim Form" button. You then will be asked to enter your CLAIMANT ID and your last name or the last name of the Infinity policyholder if you are not the Infinity policyholder.  Your CLAMANT ID is at the top of the printed Claim Form enclosed in your mailing.  If you cannot find your CLAIMANT ID, you can call [TOLL FREE] for assistance.

After you enter your CLAIMANT ID and your last name (or the last name of the Infinity member), you will be able to sign and submit an Electronic Claim Form from the website.  You should read the instructions on the Electronic Claim Form carefully and verify or fill out the entire Claim Form.  You also must sign your Electronic Claim Form with your electronic signature under penalty of perjury.

If you have any questions relating to the claim form, you can call the Settlement Administrator or Class Counsel to have any questions answered.

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/
11

The deadline to submit the Electronic Claim Form is 11:59 p.m. on _____.  After that point in time, the Electronic Claim Form will be deactivated.

3.  **Requirements for Eligibility for Additional Fees Reimbursement:** To be eligible for any payment in addition to Sales Tax and/or Title and Tag Transfer Fees, you must submit, along with your Claim Form or Electronic Claim Form, a copy of a valid Purchase Agreement for your replacement vehicle (if any).  If you do so, you may be eligible for 75% of any Additional Fees (other than Sales Tax and Title and Tag Transfer Fees) incurred in replacing the vehicle, up to $525.00.  For instance, if you incurred $300.00, the most you would receive is $225.00; if you incurred $800.00, the most you would receive is $525.00.  To be eligible, you must include with the Claim Form a copy of the purchase for your replacement vehicle.

Please note that, with a few exceptions, only a Class Member can submit a Claim Form. The only exceptions are that Claim Forms may be submitted on behalf of an individual Class Member by his or her "Legally Authorized Representative." A Legally Authorized Representative means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person or entity responsible for handling the business affairs of a Settlement Class Member.  If you have a personal lawyer, your lawyer may assist you with your Claim Form, but you must sign the Claim Form, unless the lawyer is your Legally Authorized Representative.

Claim Forms or Electronic Claim Forms submitted as part of a group effort, or by or on behalf of a class of persons, are invalid and ineffective.

| **17. When will I get my payment?** |
| --- |

The payments will be mailed to eligible Class Members who send in valid claim forms on time, after the Court grants "final approval" of the settlement, any appeals are resolved, and the claims administration process described in the Settlement Agreement is completed.

The Court will hold a hearing on_____, **a.m.** to decide whether to approve the settlement. If the Court approves the settlement (see the section "The Court's Final Approval Hearing" below), there may be appeals.  If there is an appeal, resolving it can take time.  Please be patient. Please check the settlement website,_____, for updates and other important information about the settlement, or call_____toll-free or send an e-mail to _____.

**18. What if I disagree with the amount of my payment?**

There is a process in the settlement to resolve disagreements between you and Infinity over whether you are eligible and how much money you should receive.  You will receive further details if and when the Court grants "final approval".  *See* the Settlement Agreement (available at [website]) for more information, or you can contact the Settlement Administrator at____or [e-mail address].

**19. What am I giving up to receive a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue or be part of any other lawsuit against Infinity making the same claim as this case.  It also means that the Court's orders will apply to you and will be legally binding.  If you submit a Claim Form, or simply stay in the Class, you will agree to "release and discharge" Infinity for claims relating to insufficiency in the amount of payment for sales tax or replacement costs on your insured (damaged) vehicle.

A complete copy of the Settlement Agreement can be obtained at [website].   The Settlement Agreement specifically describes the Released Claims in necessarily accurate legal terminology.  Talk to Class Counsel (see the section on "The Lawyers Representing You") or your own lawyer if you have questions about the Released Claims or what they mean.

---

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

---

If you don't want a payment from this settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take steps to get out.

**20. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a written request to the Settlement Administrator by first-class mail with a clear statement that you want to be excluded from the *Junior v. Infinity* settlement.  Specifically, you must submit timely and written requests for exclusion.  To be effective, such a request must include your name and address, a clear and unequivocal statement that you wish to be excluded from the Settlement Class, and your signature or that of your Legally Authorized Representative of the Settlement Class Member.  The request must be mailed to the Settlement Administrator.

Be sure to include your name, address, telephone number, and your signature.  If you are sending the request to be excluded as the "Legally Authorized Representative" of a Class Member (see Question 16 above for the definition of "Legally Authorized Representative"), you must include any information or documents that confirm your appointment or status as a Legally Authorized Representative.  Requests for exclusion must be submitted individually by a Class Member or his or her Legally Authorized Representative, and not on behalf of a group or class of persons.  If you have a personal lawyer, your lawyer may assist you with your exclusion request, but you must sign the exclusion request, unless the lawyer is also your Legally Authorized Representative.

You must mail your exclusion request **postmarked no later than_____,** to:

[insert address]

You can't exclude yourself by phone, e-mail, or on the website.  If you ask to be excluded, you will not get any money from the settlement, and you cannot object to the settlement or intervene in the case.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Infinity in a separate case.

| **21. If I don't exclude myself, can I sue the Defendants for the same thing later?** |
|---|

No.  Unless you exclude yourself, you give up any right to sue Infinity as set forth in the Answer to Question No. 19 above.

Remember, the exclusion deadline is _____.

| **22. If I exclude myself, can I get a payment from this settlement?** |
|---|

No.  If you exclude yourself, do not send in a Claim Form or Electronic Claim Form to ask for any money.

| **THE LAWYERS REPRESENTING YOU** |
|---|

| **23. Do I have a lawyer in this case?** |
|---|

The Court has appointed Ed Normand and Jacob Phillips from Normand PLLC and Chris Lynch from Christopher J. Lynch, P.A. to represent you.  Their contact information can be found in

the Settlement Agreement.

These lawyers are called Class Counsel.  You will not be charged for services performed by Class Counsel.

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 24. How will the lawyers be paid? |
| --- |

Class Counsel will ask the Court to approve a payment of up to $2.5 million for attorneys' fees and expenses.  Class Counsel will also ask for a payment of up to $5,000 to Erin Junior for her services as Class Representative.  The Court may award less than these amounts. Infinity agreed not to oppose the request for fees and expenses up to these amounts.  Infinity agreed to pay these amounts and to pay the costs to administer the settlement.  None of these amounts will reduce the amounts distributed to eligible Class Members.  Any amount for which a Class Member is eligible will not be impacted by whatever amount the Court awards as attorneys' fees and costs.

| OBJECTING TO THE SETTLEMENT |
| --- |

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the settlement or some part of it.

| 25. How do I tell the Court that I don't like the settlement? |
| --- |

If you're a Class Member (or a Class Member's Legally Authorized Representative), and you haven't excluded yourself from the settlement, you can object to the proposed settlement if you don't like it or try to intervene in the case.  However, you cannot object if you have excluded yourself.  In other words, you must stay in the case as a Class Member in order to object or to intervene in the case.

You can give reasons why you think the Court should not approve the settlement.  The Court will consider your views.  To object, you must (a) **mail** your objection to the Settlement Administrator **and** (b) **file** it with the Court.  To be timely, your objection must be mailed to the Settlement Administrator so that it is **postmarked** by_____, and must be **filed** with the Court by no later than_____, at the following addresses:

**Address of Settlement Administrator:**     **Address of Court:**

[insert]

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/
15

Note: You may mail your objection to the Court, but it must be **received** by the Court **and filed** by _____. *See* the Settlement Agreement for more information on how to object to or intervene in the settlement.

Your objection must include all of the following: (a) contain a heading which includes the name of the case and case number; (b) provide your full name, address, telephone number, and signature; (c) indicate the specific reasons why you object to the settlement; (d) contain the name, address, bar number, and telephone number of your counsel, if you're represented by an attorney; if you are represented by an attorney, he/she or it must comply with all applicable rules of the Court; and (e) state whether you intend to appear at the Final Approval Hearing, either in person or through counsel.

If you do intend to appear at the Final Approval Hearing to object to the settlement, you must also provide with your written objection: (a) a detailed statement of the legal and factual basis for each objection; (b) a list of any and all witnesses whom you may seek to call, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court); (c) a detailed description of any and all evidence you may offer at the Hearing, including photocopies of any and all exhibits which the objector may seek to introduce  (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court); (d) a list of any legal authority you will present at the Final Approval Hearing; and (e) documentary proof of membership in the Settlement Class.  You or your lawyer may appear at the Final Approval Hearing if you have filed a written objection as provided above. (*See* the section on the "Court's Final Approval Hearing" below).  If you have a lawyer file an objection for you, he or she must follow all rules of Court and you must list the attorney's name, address, bar number, and telephone number in the written objection filed with the Court.

Unless you submit a proper and timely written objection, according to the above requirements, you may not be allowed to object or appear at the Final Approval Hearing, in the discretion of the Court.  Furthermore, if you want to intervene as a party to the case, you must file a motion to intervene with the  Court by_____.   If  you fail to do so, you won't be able to intervene in the case.

Please note that any objections or motions must be submitted by an individual Class Member or his or her attorney, not as a member of a group, class, or subclass.  The only exception is that an objection may be submitted on behalf of an individual Class Member by his or her Legally Authorized Representative (see Question 16 above for a definition of that term).

| 26. What's the difference between objecting and excluding yourself? |
| --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object, because the case no longer affects you. If you object, and the Court approves the settlement anyway, you will still be legally bound by the result.

| THE COURT'S FINAL APPROVAL HEARING |
| --- |

The Court will hold a Final Approval Hearing to decide whether to approve the settlement. If you have not excluded yourself from the settlement, you may attend the Final Approval Hearing and you may ask to speak, but you don't have to.

| **27. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court will hold a Final Approval Hearing to decide whether to finally approve the proposed settlement. You may attend and you may ask to speak, but you don't have to do either one.

The Final Approval Hearing will be on _____ before _____.

At this hearing, the Court will consider whether the proposed settlement and its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the hearing and complied with the other requirements for objections explained in Question 25 above, and, in the Court's discretion, may also listen to others who wish to speak. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class and whether and how much to award the Class Representatives for representing the Class.

At or after the hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long these decisions will take.

The Court may change deadlines listed in this Notice without further notice to the Class. To keep up on any changes in the deadlines, please contact the Settlement Administrator or review the website.

| **28. Do I have to come to the Hearing?** |
| --- |

No. Class Counsel will answer any questions asked by the Court. However, you are welcome to come at your own expense. If you intend to have a lawyer appear on your behalf at

the final approval hearing, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than_____, and must comply with all of the requirements explained in Question 25.

If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it.

| **29. May I speak at the Hearing?** |
| --- |

If you submitted a proper written objection to the settlement, you or your lawyer acting on your behalf may speak at the Hearing. To do so, you must send a Notice of Intention to Appear and follow the procedures set out in Question 25.

Your Notice of Intention to Appear must be mailed to the Settlement Administrator so that it is **postmarked no later than_____**, and it must be **filed** with the Clerk of the Court by that same date. See Question 25 for the addresses. You cannot speak at the hearing if you excluded yourself.

| **IF YOU DO NOTHING** |
| --- |

| **30. What happens if I do nothing at all?** |
| --- |

If you do nothing, you will get no money from this settlement. And unless you exclude yourself, you won't be able to sue or be part of any other lawsuit against Defendants about the legal issues in this case.

| **GETTING MORE INFORMATION** |
| --- |

| **31. How do I get more information about the settlement?** |
| --- |

You may obtain additional information by

- Calling the Settlement Administrator toll-free at_____to ask questions and receive copies of documents or e-mailing the Settlement Administrator at_____.

- Writing to the Settlement Administrator at the following address:

QUESTIONS? CALL 407-603-6031 TOLL-FREE OR VISIT https://ednormand.com/
PARA UNA NOTIFICATION EN ESPANOL LLAMAR 407-603-6031 O VISITAR
https://ednormand.com/

[insert address]

- Visiting the settlement website, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you.

- Reviewing legal documents that have been filed with the Clerk of Court in this lawsuit at the Court offices stated in Question 25 above during regular office hours, and also available through the Public Access to Court Electronic Records system at www.pacer.gov.

- Contacting Class Counsel listed in Question 23 above.

**PLEASE DO NOT CALL THE JUDGE, THE COURT CLERK, OR INFINITY TO ASK QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS.  IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**

# EXHIBIT 3

<table>
<tr><td>DEADLINE TO SUBMIT CLAIM<br><br>FORMS:</td><td>CLAIM FORM</td></tr>
</table>

CLAIMANT ID:

# Please read this Claim Form and the enclosed Notice carefully.

- Infinity's records indicate that you are a class member in the case captioned *Erin Junior v. Infinity Auto Insurance Company*, No. 6:18-cv-1598-ORL-40-TBS (M.D.Fla.) who may be eligible for payment.
- To be eligible to receive *any* payment, you must either (1) sign and mail this Claim Form to the Settlement Administrator; *or* (2) electronically make your claim on the website www._____.com. This is a printed Claim Form that allows you to make a claim by mail.  If you would like to submit an electronic claim form online, go to _____.com and (1) click on the "Make a Claim" button; (2) enter your Claimant ID (set out at the top of this page) and the member's last name; and (3) follow the instructions. If you choose to submit a Claim Form online, you do not need to complete and mail this printed ClaimForm.
- To be eligible for payment of Additional Fees (as explained in the enclosed Notice), you must submit a copy of a valid purchase agreement for a replacement vehicle, reflecting any Additional Fees that you actually incurred.  The copy of the purchase agreement may be mailed with this Claim Form, or it may be uploaded as part of the electronic claim submission.  If you do not include a copy of a purchase agreement, you will not be eligible for any payment other than Sales Tax and/or Title and Tag Transfer Fees.

**DEADLINE:** To be considered for *any* payment, you must either (1) complete this Claim Form and mail it to the Claims Administrator so that it <u>is</u> **postmarked by [DATE]** to **[ADDRESS]**; *or* (2) complete an Electronic Claim Form online at the Settlement website on or before **[DATE] (the website will provide detailed instructions for submitting the claim online).**

# STEPS 1 – 2 MUST BE COMPLETED
# <u>FOR ALL CLAIMS FORMS SUBMITTED BY MAIL</u>

## STEP 1:    CLAIM INFORMATION

If any of the claimant information below is incorrect, or needs to be updated, please correct the information in the space below.

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICAION EN ESPANOL, LLAMAR _____ O VISITAR [website]

US_Active\112750323\V-2

*Additions or Corrections if known to you*

**Class Member Name:**  [PRE-FILLED]  _____

**Mailing address:**  [PRE-FILLED]  _____

[PRE-FILLED]  _____

**Claim Number applicable to the Class Member's claim:**  [PRE-FILLED]

**Total Loss Vehicle**  **Make:**  [PRE-FILLED]

**Model:**  [PRE-FILLED]

**Approximate Date of Loss:**  [PRE-FILLED]


## STEP 2:      COMPLETE THE CERTIFICATION BELOW

**To the best of my knowledge, I believe that I was not paid in full for Sales Tax and/or Title and Tag Transfer Fees.**

YES ☐          NO ☐          I DON'T KNOW ☐

You may be able to determine this information by reviewing the letter(s) from Infinity regarding the payment for your Total Loss.  Please do not contact Infinity with questions regarding this Settlement or the claim form.  If you contact Infinity regarding the Settlement, they will refer you to the Settlement Administrator at [toll-free number] or [email address].  There will be no penalty if you submit a Claim Form that is true and correct to the best of your knowledge, but it is later determined that you are not eligible for payment.

If you answer "NO" to the question above, then you will not receive any payment under the Settlement.

If you answer "YES" or "I DON'T KNOW" to the question above, then you will be eligible for payment, subject to the terms set forth in the Settlement Agreement.

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICAION EN ESPANOL, LLAMAR _____ O VISITAR [website]

2

I certify under penalty of perjury that:  (a) I have read this Claim Form; (b) I am the person who made the insurance claim identified above or I am the legally authorized personal representative, guardian, or trustee of the person who made the insurance claim identified above; and (c)  the information on this Claim Form is true and correct to the best of my knowledge.  I request a review of my claim for potential payment.

**DATE:**_____      **SIGNATURE:** _____

**PRINTED NAME:** _____

# THE FOLLOWING STEP IS OPTIONAL.
# HOWEVER, IF YOU WANT TO BE ELIGIBLE
# FOR PAYMENT OF ADDITIONAL FEES,
# THEN YOU MUST COMPLETE THIS STEP

**STEP 3:**    **ENCLOSE A COPY OF A VALID PURCHASE AGREEMENT FOR A REPLACEMENT VEHICLE.**

If you purchased or leased a replacement vehicle after your Total Loss claim, and if you incurred Additional Fees, then you will be eligible for payment of up to 75% of the Additional Fees shown on the purchase agreement, up to a maximum amount of $525.00.  To be eligible for payment of any Additional Fees, you must enclose a copy of a purchase agreement.  "Additional Fees" means all fees potentially incidental to replacement of a Total Loss, other than Title and Tag Transfer Fees and Sales Tax.

Additional Fees may include, but are not limited to:  dealer fees, dealer preparation fees, clean-up or make-ready or service fees, "doc" or document or documentation fees, conveyance charges, fuel charge fees, environmental fees (*e.g.*, emissions testing, air pollution control, lead-acid battery, new tire), floor plan fees, advertising or promotion fees, local or regional or market area co-op fees, agent fees, shipping or handling fees, destination or delivery or transport fees, "admin" or administration fees, additional dealer markups or market adjustment fees, acquisition fees, regulatory compliance fees, Motor Vehicle Warranty Enforcement Act fees, filing fees, and any other title, tag, tax, license, or registration fees not included in Title and Tag Transfer Fees and Sales Tax.

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICAION EN ESPANOL, LLAMAR _____ O VISITAR [website]

US_Active\112750323\V-2

**STEP 4:** **MAIL THIS COMPLETED FORM, POSTMARKED BY [DATE], TO THE FOLLOWING ADDRESS:**

**[ADDRESS]**

Please be patient. You will receive a letter telling you whether the Class Member identified above is eligible for a payment and, if the Class Member is determined to be eligible, the amount of the payment. The letter will also explain the process and deadlines to resolve any disagreement you may have with this determination.

**PLEASE DO <u>NOT</u> CALL THE COURT, THE JUDGE, THE CLERK OF COURT, OR INFINITY REGARDING THIS MATTER.**

QUESTIONS? CALL _____ TOLL-FREE, OR VISIT [website].
PARA UNA NOTIFICAION EN ESPANOL, LLAMAR _____ O VISITAR [website]

4

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIN JUNIOR, individually and on behalf of all
others similarly situated,

     Plaintiff,

v.

INFINITY AUTO INSURANCE COMPANY, a
foreign insurance company

     Defendant.

_____/

CASE NO.: 6:18-cv-1598-ORL- 40-
TBS

CLASS ACTION

**FINAL ORDER APPROVING SETTLEMENT
AND JUDGMENT OF DISMISSAL WITH PREJUDICE [PROPOSED]**

The Court preliminarily approved the class settlement in this case on _____,

2019.  Since that time, the parties have completed the notice process and now seek final approval

of the Class Action Settlement Agreement.  Through a motion for final approval of class

settlement and motion for assessment of fees and costs, they seek, among other things, that the

Court (1) grant final certification of the settlement class; (2) approve the Class Action Settlement

Agreement  as fair, reasonable, and adequate; (3) rule that the notice process was reasonable and

the best practicable under the circumstances, and (4) assess against the class recovery attorneys'

fees, costs, and a class representative incentive fee.  A hearing was held on the motions on

_____, 2020.  For the reasons stated below, the motions are granted.

On the _____, 2020, the matter of the Court's final approval of the Class

Action Settlement Agreement submitted on _____, 2019 by the Motion for Order

Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for

Settlement Fairness Hearing, came before the Court for consideration.  Appearing on behalf of

Plaintiffs and the Settlement Class was _____ ("Class Counsel").

Appearing on behalf of Defendants was _____ and Nathan Garroway,

DENTONS US LLP, 303 Peachtree Street, NE, Suite 5300, Atlanta, Georgia  30308.

WHEREAS, the Named Plaintiff, Erin Junior, on behalf of herself and the proposed Settlement Class, and Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company (collectively "Infinity" or "Defendant"), have executed and filed a Class Action Settlement Agreement  with the Court on _____, 2019; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on _____, 2019, entered the Order Preliminarily Approving Settlement and Directing Notice to the Class ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Erin Junior was approved in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be  implemented, and scheduled a hearing to be held on _____, 2020, to determine whether the Proposed Settlement should be finally approved as fair, reasonable and adequate; and

WHEREAS, Infinity and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held on _____, 2020, at which all interested persons were given an opportunity to be heard, and all objections to the Settlement, if any, were duly considered;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1.   The Complaint filed in this Action alleges that Infinity, in making Total Loss Payments on first-party insurance claims for automobile physical damage constituting a total loss of the insured vehicle, under Florida automobile insurance policies issued by Infinity, improperly failed to include Sales Tax and improperly failed to include Title and Tag Transfer Fees and Additional Fees.

2.   As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

> All policyholders who were paid a Total Loss Payment under an Automobile Insurance Policy during the Class Period.
>
> Excluded from the Class are: (i) claims that were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiff's claims; (ii) claims for which Infinity received a valid and executed release during the Class Period; and (iii) Infinity, all present or former officers and/or directors of Infinity, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Infinity's counsel of record.

3.   The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

4.   At the Preliminary Approval Hearing, the Court appointed Epiq as Settlement Administrator.

5.   The Court certifies the Settlement Class in this Action, for settlement purposes only, under Fed. R. Civ. P 23(a) and (b)(3), and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action have been met in particular because:  (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class; and (4) the Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

6.   The Named Plaintiff and Infinity have entered into the Agreement which has been filed with the Court.  The Agreement provides for the Settlement of this Action with Infinity on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms.  The Court scheduled a hearing to consider the approval of the Settlement, and directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

7.   In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court.  Infinity's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan.

8.   The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.  Specifically, the Court finds that the Notice, the settlement website, and the notice methodology implemented pursuant to the Agreement (i) constituted the best practicable notice under the circumstances; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or

exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice.

9.   The Court finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Infinity complied with 28 U.S.C. § 1715(b).

10. The Named Plaintiff and Infinity have applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment.  Pursuant to the Class Notice, a hearing was held before this Court, _____, 2020, to determine whether the Proposed Settlement of the Action should be finally approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

11. The Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

12. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

13. The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiff, the Settlement Class Members, Infinity, and the Released Persons, and has subject matter jurisdiction to approve the Agreement and all Exhibits thereto.

14. _____ Settlement Class Members have filed requests for exclusion.  All remaining Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases.

15. All provisions and terms of the Settlement are hereby found to be fair, reasonable and adequate as to the Settlement Class Members and the Named Plaintiffs, and all provisions and terms of the Settlement are hereby finally approved in all respects.

16. The Parties are hereby directed to consummate the Settlement in accordance with the Agreement.

17. The Court approves the approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment.

18. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and the Named Plaintiff and all members of the Settlement Class who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their respective heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law all Released Persons

from all Released Claims, and agree not to institute, maintain, or assert any claims against the Released Persons on the Released Claims.

19. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

20.     "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Total Loss Payments for Title and Tag Transfer Fees, Sales Tax, or Additional Fees made to a Settlement Class Member during the Class Period; and any claims regarding Title and Tag Transfer Fees, Sales Tax, or Additional Fees which have been alleged or which could have been alleged by the Named Plaintiff in the Action, subject to the limitation as to Sales Tax set forth below, on behalf of herself and/or on behalf of the Class, to the full extent of *res judicata* protections. Released Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment. Additionally, Released Claims do not include Sales Tax on any additional amounts that would otherwise be legally owed on a Total Loss as a result of any court making a full and final adjudication after the Effective Date that such additional amounts are owed for reasons not arising from or relating in any way to any claims which have been alleged or which could have been alleged in the Action.

21. "Released Persons" means (a) Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company; (b) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of Infinity; and (c) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

22. "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Proposed Settlement.

23. It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable.  Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

24. The Agreement, the Settlement and this Final Judgment, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class; provided, however, that reference may be made to the Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of the Agreement.

25. The Court has considered the request for a Class Representative award, and hereby approves and awards the Named Plaintiff an Incentive Award in the amount of $5,000.00 to be paid by Infinity.

26. The Court has considered Class Counsel's request for an Attorneys' Fees award of for the prosecution of this action, and hereby makes an Attorneys' Fees and costs award in the amount of $2,500,000.00 to be paid by Infinity.

27. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not reduce or limit any rights of Settlement Class Members.

28. Any Party to the Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of the Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with the Agreement and/or the claims administration process.

29. This Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Infinity on the one hand, and the Named Plaintiffs, Class Representative and all Settlement Class Members, on the other, and there is no just reason to delay enforcement or appeal.

30. The Clerk of Court is directed to enter a judgment of dismissal and close this case.

31. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:  (a) enforcing this Final Judgment, the Agreement and the Settlement; (b) hearing and determining any application by any Party to the

Settlement for a settlement bar order; and (c) any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

DATED:  _____, 2020

_____