# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ERIN JUNIOR,

        Plaintiff,

v.                                   Case No: 6:18-cv-1598-WWB-EJK

INFINITY INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

### FINAL ORDER APPROVING SETTLEMENT
### AND JUDGMENT OF DISMISSAL WITH PREJUDICE

THIS CAUSE is before the Court on Plaintiff's Unopposed Motion for Final Approval of Proposed Class Action Settlement (Doc. 65) and Plaintiff's Motion For Approval of Attorney's Fees and Costs and Named Plaintiff's Service Award (Doc. 66). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation (Doc. 71) recommending granting in part Plaintiff's unopposed Motion for Approval of Attorney's Fees and Costs and Named Plaintiff's Service Award. (*Id.* at 11). Judge Kidd recommended that the ruling on the $5,000 service award be deferred pending the resolution of *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1261 (11th Cir. 2020), *mandate withheld*, No. 18-12344, (Nov. 9, 2020). As set forth herein, the Court approves the settlement and adopts Judge Kidd's Report and Recommendation.

The Court preliminarily approved the class settlement in this case on June 22, 2020. Since that time, the parties have completed the notice process and now seek final approval of the Class Action Settlement Agreement. Plaintiff seeks, pursuant to the

Settlement Agreement, that the Court (1) grant final certification of the settlement class; (2) approve the Class Action Settlement Agreement as fair, reasonable, and adequate; (3) rule that the notice process was reasonable and the best practicable under the circumstances, and (4) approve attorneys' fees, costs, and a class representative service award.  A hearing was held on the motions on November 9, 2020.

WHEREAS, the Named Plaintiff, Erin Junior, on behalf of herself and the proposed Settlement Class, and Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company (collectively, "**Infinity**" or "**Defendant**"), have executed and filed a Class Action Settlement Agreement with the Court on November 27, 2019; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Agreement and are hereby incorporated by reference; and

WHEREAS, the Court, on June 22, 2020, entered the Order Preliminarily Approving Settlement and Directing Notice to the Class ("**Preliminary Approval Order**," Doc. 57), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, Erin Junior was appointed in the Preliminary Approval Order as the Class Representative; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("**Notice Plan**") be implemented, and scheduled a hearing to be held on November 9, 2020, to determine whether the Proposed Settlement should be finally approved as fair, reasonable and adequate; and

WHEREAS, Infinity and Class Counsel have satisfactorily demonstrated to the Court that the Notice Plan was followed; and

WHEREAS, a final approval hearing was held on November 9, 2020, at which all interested persons were given an opportunity to be heard and to have any and all objections to the Settlement be duly considered;

WHEREAS, there were no objections to the Settlement from any Settlement Class Member;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

1. The Complaint filed in this Action alleges that Infinity, in making Total Loss Payments on first-party insurance claims for automobile physical damage constituting a total loss of the insured vehicle, under Florida automobile insurance policies issued by Infinity, improperly failed to include Sales Tax and improperly failed to include Title and Tag Transfer Fees and Additional Fees.

2. As part of the Preliminary Approval Order, the Court certified the Settlement Class, for settlement purposes only, defined as follows:

All policyholders who were paid a Total Loss Payment under an Automobile Insurance Policy during the Class Period.

Excluded from the Class are: (i) claims that were the subject of any lawsuit filed during the Class Period alleging causes of action related to any Released Claims, except for the Named Plaintiff's claims; (ii) claims for which Infinity received a valid and executed release during the Class Period; and (iii) Infinity, all present or former officers and/or

directors of Infinity, the Neutral Evaluator, Class Counsel, a Judge of this Court, and Infinity's counsel of record.

3.     The Court hereby affirms this definition of the Settlement Class for purposes of this Final Judgment.

4.     At the Preliminary Approval Hearing, the Court appointed Epiq as Settlement Administrator.

5.     For the reasons set forth in the Report & Recommendation (Doc. 56), adopted by this Court (Doc. 57), the Court certifies the Settlement Class in this Action, for settlement purposes only, under Fed. R. Civ. P 23(a) and (b)(3), and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action have been met in particular because the Class is adequately defined, Settlement Class Members are clearly ascertainable, and Plaintiff has demonstrated Article III standing for the claims alleged. This Court also reaffirms the findings in the Report & Recommendation adopted by this Court that: (1) the Settlement Class, which is comprised of over 24,000 Members, is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Class; and (4) the Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class. Finally, the Court reaffirms and finds that common issues predominate over any individual issues and class treatment is superior to alternative forms of adjudication, as set forth in the Report & Recommendation as adopted by this Court.

6. The Named Plaintiff and Infinity have entered into the Agreement which has been filed with the Court. The Agreement provides for the Settlement of this Action with Infinity on behalf of the Named Plaintiff and the Settlement Class Members, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Settlement, and it directed that the Class Notice be disseminated in accordance with the terms of the Preliminary Approval Order.

7. In accordance with the terms of the Settlement and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Infinity's counsel and Class Counsel have confirmed to the Court that the Parties complied with the Notice Plan, as set forth, inter alia, in the declaration submitted by the Settlement Administrator.

8. The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to members of the Settlement Class. Specifically, the Court finds that the Notice, the settlement website, and the notice methodology implemented pursuant to the Agreement (i) constituted the best practicable notice under the circumstances; (ii) were reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement and to appear at the Final Approval Hearing; and (iii) were reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice.

9. The Court finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Infinity complied with 28 U.S.C. § 1715(b).

10. A hearing was held before this Court on November 9, 2020, to determine whether the Proposed Settlement of the Action should be finally approved as fair,

reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

11. Direct, individual Notice was provided to over 24,000 Settlement Class Members and clearly detailed Class Members' right to request exclusion from the Class or to object to the terms of the Settlement Agreement. The record evidence indicates that only two class members requested exclusion and not a single Class Member objected to the proposed terms of the Settlement Agreement. This lack of opposition by the Class strongly supports the fairness and adequacy of the Settlement. *See Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) (lack of meaningful opposition to proposed settlement indicates terms are fair and reasonable).

12. This Court has considered the Settlement in light of the threshold procedural requirements and substantive factors outlined in Fed. R. Civ. P. 23(e)(2), and in light of this Circuit's strong preference for settlement of class litigation if the terms of a settlement are fair, reasonable, and adequate. *See Leverso v. SouthTrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994).

13. This Court finds that first threshold requirement of adequate representation is satisfied because Plaintiff and Class Counsel secured extensive discovery and deposition testimony and were well-versed in the legal and factual issues in this litigation, and thus had a sufficient information base to properly evaluate the benefits of settlement compared to the risks of continuing litigation. *Burrow v. Forjas Taurus S.A.*, No. 16-21606-CIV, 2019 WL 4247284, at *7 (S.D. Fla. Sept. 6, 2019) ("In evaluating the adequacy of class counsel and the class representative, the . . . the Court should consider whether

class counsel and plaintiff 'had an adequate information base' before negotiating and entering into the settlement.").

14. This Court further finds that the record demonstrates that the threshold requirement of arm's length negotiations is satisfied because, inter alia, settlement was reached after lengthy and substantive negotiations facilitated and overseen by Rodney Max, an experienced and well-respected mediator, who testified concerning the arm's length nature of the settlement discussions. *See Poertner v. Gillette Co.*, 618 F. App'x 624, 630 (11th Cir. 2015) (rejecting contention of self-dealing where parties settled after engaging in extensive arms-length negotiations moderated by experienced mediator).

15. This Court finds that the substantive factors outlined in Fed. R. Civ. P. 23(e)(2)(C) concerning whether the terms of a proposed settlement are fair, reasonable, and adequate all support approving the proposed Settlement. First, when considering the range of potential recovery and the likelihood of success, the benefits obtained by the Settlement are reasonable, particularly given the risk of no recovery at all through adverse ruling here or on appeal, and supports the fairness, the complexity, expense, and duration of litigating the case, and the adequacy of the Settlement terms. *See In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 693 (S.D.N.Y. 2019) (in order to assess Rule 23(e)(2)(C)(i), "courts may need to forecast the likely range of possible class wide recoveries and the likelihood of success in obtaining such results"). Second, the claims' process is not unduly demanding, but rather simple and easy-to-understand. *See Poertner v. Gillette Co.*, 618 F. App'x 624, 628 (11th Cir. 2015) (noting claims process was not difficult or burdensome as it only required completing and submitting a one-page form online or by mail). Third, any attorneys' fees approved by this Court will be paid

separately by Defendant and will not reduce or impact payments to Class Members, and the Class recovery is not conditioned on approval of any attorneys' fees amount. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii) (providing that courts should consider "the terms of any proposed award of attorney's fees").

16.  Finally, this Court has considered the factors outlined in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) to the extent not encompassed within the amended Rule 23(e)(2) factors, namely opposition to the Settlement and the opinions of Class Counsel and the Named Plaintiff. This Court finds that the lack of any objection by Settlement Class Members and the opinions by Class Counsel, who are experienced class-action litigators, that the Settlement is in the best interests of the Settlement Class Members supports approval of the Settlement. *See Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-CV-00550-CEH-CPT, 2020 WL 2517766, at *4 (M.D. Fla. Apr. 23, 2020) (noting lack of opposition by class members weighs strongly in favor of approving settlement agreement).

17.  As such, the Court hereby finds that approval of the Agreement and the Settlement embodied therein will result in substantial savings of time and money to the Court and the litigants and will further the interests of justice.

18.  The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the Parties thereto, and is fair, reasonable, and adequate.

Therefore, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

19. The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiff, the Settlement Class Members, Infinity, and the Released Persons, and has subject matter jurisdiction to approve the Agreement and all Exhibits thereto.

20. Two Settlement Class Members have filed requests for exclusion, as set forth in the Opt-Out List submitted by the Settlement Administrator. All remaining Settlement Class Members are therefore bound by this Final Judgment and by the Agreement and the Settlement embodied therein, including the Releases.

21. All provisions and terms of the Settlement are hereby found to be fair, reasonable, and adequate as to the Settlement Class Members and the Named Plaintiffs, and all provisions and terms of the Settlement are hereby finally approved in all respects.

22. The Parties are hereby directed to consummate the Settlement in accordance with the Agreement.

23. The Court approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment.

24. The Class Claims in this Action are dismissed in their entirety, on the merits, with prejudice and without leave to amend, and the Named Plaintiff and all members of the Settlement Class who have not been excluded from the Settlement Class as provided in the Opt-Out List, and their respective heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form or Electronic Claim Form, and

regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Persons, and will be bound by the Final Order and Judgment and conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law all Released Persons from all Released Claims, and agree not to institute, maintain, or assert any claims against the Released Persons on the Released Claims.

25. As of the Effective Date, by operation of the entry of the Final Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

26. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether ex contractu or ex delicto, statutory, common law or equitable, including but not limited to breach of contract, bad faith, or extracontractual claims, and claims for punitive or exemplary damages, or prejudgment or postjudgment interest, arising from or relating in any way to Total Loss Payments for Title and Tag Transfer Fees, Sales Tax, or Additional Fees made to a Settlement Class Member during the Class Period; and any claims regarding Title and Tag Transfer Fees, Sales Tax, or Additional Fees which have been alleged or which could have been alleged by the Named Plaintiff in the Action, subject to the limitation as to Sales Tax set forth below, on behalf of herself and/or on behalf of the Class, to the full extent of res judicata protections. Released

Claims do not include any claim for enforcement of the contemplated Settlement Agreement and/or Final Order and Judgment.  Additionally, Released Claims do not include Sales Tax on any additional amounts that would otherwise be legally owed on a Total Loss as a result of any court making a full and final adjudication after the Effective Date that such additional amounts are owed for reasons not arising from or relating in any way to any claims which have been alleged or which could have been alleged in the Action.

27. "Released Persons" means (a) Infinity Auto Insurance Company, Infinity Assurance Insurance Company, and Infinity Indemnity Insurance Company; (b) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of Infinity; and (c) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or Persons listed in this Paragraph.

28. "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Proposed Settlement.

29. It is hereby determined that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances to all members of the Settlement Class, and it is therefore finally approved as reasonable.  Due and adequate notice of the pendency of this Action and of the Settlement has been provided to all the Settlement Class Members, and this Court hereby finds that the Class Notice complied fully with the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

30. The Agreement, the Settlement and this Final Judgment, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or of the certifiability of a litigation class; provided, however, that reference may be made to the Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of the Agreement.

31. The Court has considered the request for an award of attorneys' fees and costs and for a Service Award to the Named Plaintiff, and the Report & Recommendation issued by Magistrate Judge Emory Kidd ("**R&R**," Doc. 71). The Parties have filed a Notice of Non-Objection, and as such, the Court analyzes the R&R for clear error. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1561–62 (M.D. Fla. 1993).

32. As to attorneys' fees and costs, the Court finds no clear error, and as such, the factual findings and recommendations concerning attorneys' fees and costs are adopted and incorporated in full. This Court approves attorneys' fees and costs in the amount of $2,500,000.00 to be separately paid by Infinity, and the Court directs Infinity to pay such amounts in accordance with the terms of the Settlement.

33. As to the Service Award, Judge Kidd recommends that the $5,000.00 be deposited into the registry of the Court pending the Eleventh Circuit's decision of whether to grant en banc review of *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020). In *Johnson*, a divided panel held that two Supreme Court cases addressing trusts precluded allowing service awards to class representatives. *Id.* at 1255-61. The Eleventh Circuit withheld its mandate in *Johnson* and is taking amicus briefs on whether to rehear the matter en banc.

34. The Court adopts Magistrate Judge Kidd's recommendation and thereby directs Infinity to deposit $5,000.00 into the Court's registry. No later than ten (10) days after the Eleventh Circuit either denies en banc review or issues an en banc opinion, the Parties are directed to notify the Court and brief the question of whether the $5,000.00 should be provided to Plaintiff as agreed to by the Parties, or instead should be remitted back to Infinity. The Court will retain jurisdiction in part to address this issue. *See Harvey v. Hammel & Kaplan Co., LLC*, No. 3:19-CV-640-J-32JRK, 2020 WL 7138568, at *3 (M.D. Fla. Dec. 7, 2020).

35. The Court orders Claim Payments to be made no later than 90 days after the Effective Date. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not reduce or limit any rights of Settlement Class Members.

36. Any Party to the Agreement, the Neutral Evaluator, the Settlement Administrator, counsel in any capacity in which they may act under the authority of the Agreement, and any employees, representatives, or agents of such Persons or entities shall not be liable for anything done or omitted in connection with the Agreement and/or the claims administration process.

37. This Final Judgment is a final order in the Action within the meaning and for the purposes of the Federal Rules of Civil Procedure as to all claims among Infinity on the one hand, and the Named Plaintiffs, Class Representative and all Settlement Class Members, on the other, and, although the Court is retaining jurisdiction to determine the

question of the Service Award, there is no just reason to delay enforcement or appeal of all other issues and claims in this litigation.

38. The Clerk of Court is directed to enter a judgment of dismissal and close this case.

39. Without in any way affecting the finality of this Final Judgment and Order of Dismissal, this Court shall retain continuing jurisdiction over this Action for purposes of: (a) enforcing this Final Judgment, the Agreement, and the Settlement; (b) hearing and determining any application by any Party to the Settlement for a settlement bar order; (c) any other matters related or ancillary to any of the foregoing, including the Service Award as set forth in ¶ 33.

**DONE AND ORDERED** in Orlando, Florida on April 29, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record